**Selma GEDER, Plaintiff,**

v.

**Thomas ROTH, et al., Defendants.**

**No. 90 C 4077.**

United States District Court,
N.D. Illinois, E.D.

June 27, 1991.

Selma Geder, pro se.

Roland W. Burris, Atty. Gen. by Janice Schaffrick, Asst. Atty. Gen., General Law Div., Chicago, Ill., for defendants.

ORDER

BUA, District Judge.

Plaintiff Selma Geder alleges that defendants have denied him meaningful access to the courts in violation of 42 U.S.C. § 1983. Defendants have moved to dismiss the case under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons stated herein, defendants' motion to dismiss is granted.

FACTS

Plaintiff Selma Geder is a pro se litigant who is incarcerated at Stateville Correctional Center in Joliet, Illinois. Defendants, as listed in plaintiff's amended complaint, are Thomas Roth, warden of Stateville Correc-

tional Center; Melvin Allen, grievance board hearing officer; Marilyn Duckworth, I-house clerk for the Stateville Correctional Center; Vernon F. Scott, I-house supervisor; Marjorie Donahue, overseer of the grievance procedure; Kevin McGinnis, director of the Department of Corrections; R. Flemin, I-house superintendent; and C. Nash, I-house captain.

When ruling on a motion to dismiss, the court must accept all well-pleaded allegations in a plaintiff's complaint as true. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987). Particularly in the case of a pro se plaintiff, like Geder, the complaint must be construed liberally. *Caldwell v. Miller*, 790 F.2d 589, 595 (7th Cir.1986). Geder alleges that defendants denied him adequate access to Stateville Correctional Center's law library as well as access to a law clerk from April 9, 1990 to July 1990, when he was in the segregation unit. Geder claims that, as a result, he was unable to prepare final pretrial orders in two separate lawsuits which were pending in federal court.

From the allegations in his complaint, it does not appear that Geder had contact with a law clerk. Geder was granted access to the prison law library five times for a total of ten hours. However, his additional requests for access to the prison law library were denied. In compliance with the prisoner grievance procedures adopted by the Illinois Department of Corrections, Geder wrote to the appropriate persons to report his displeasure with the denial of his requests for further access to the law library.[1] After exhausting all procedures within the prison system, Geder went outside the prison system and filed a complaint with this court. Geder is seeking compensatory and punitive damages as well as declaratory judgment relief.

## ANALYSIS

Geder argues that he was denied meaningful access to the courts by defendants' refusal to grant him access to the law library and access to a law clerk. In *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494–95, 52 L.Ed.2d 72 (1977), the Supreme Court reaffirmed that "prisoners have a constitutional right of access to the courts." However, *Bounds* does not guarantee prisoners *unlimited* access. The emphasis instead is on *meaningful* access. *Campbell v. Miller*, 787 F.2d 217, 226 (7th Cir.), *cert. denied*, 479 U.S. 1019, 107 S.Ct. 673, 93 L.Ed.2d 724 (1986).

Meaningful access to the courts is secured by "providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. at 828, 97 S.Ct. at 1498. Unlimited access to law libraries need not be provided, even for pro se litigants. *Martin v. Davies*, 917 F.2d 336, 340 (7th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 2805, 115 L.Ed.2d 978 (1991). Complete frustration of prisoners' attempts to use a law library, though, may evidence a denial of meaningful access to the courts. *Knell v. Bensinger*, 489 F.2d 1014, 1017 (7th Cir.1973). *See, e.g., DeMallory v. Cullen*, 855 F.2d 442, 449 (7th Cir.1988) (substantial and continual limits on access to legal materials are inherently prejudicial). In this case, Geder was not completely frustrated in his attempts to use the law library. In fact, he acknowledges that he was granted access to the law library five times for a total of ten hours. It is only restrictions on library access, then, that Geder challenges.

Because "[p]rison officials are free to reasonably regulate the time, place, and manner in which library facilities are used ...." Geder needs to show more than a mere restriction on his access to the law library in order to advance his claim. *Isaac v. Jones*, 529 F.Supp. 175, 178–179 (N.D.Ill.1981); *Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 858 (10th Cir.1985). Some demonstration of prejudice is necessary to establish a denial of meaningful access to the courts. *Isaac*, 529 F.Supp. at 179; *Bruscino v. Carlson*,

---

1. Geder contacted defendants Scott, Roth, Allen, and Flemin but received no response. As a last effort, Geder wrote to defendant Donahue and the Administrative Review Board which responded two months later to his request by denying him access to the law library.

854 F.2d 162, 167 (7th Cir.1988), *cert. denied*, 491 U.S. 907, 109 S.Ct. 3193, 105 L.Ed.2d 701 (1989).

Geder alleges that he was prejudiced by his lack of access to the law library, but he fails to provide evidence to support this claim. Specifically, Geder claims that he needed access to the law library to prepare pre-trial orders. However, these orders did not require legal research. In one of Geder's two lawsuits, *Geder v. Greer*, No. 88–3819 (S.D.Ill. filed December 23, 1988), the court ordered that Geder cooperate with defendants in the taking of his deposition. Additionally, he was to meet with defendants for purposes of drafting the final pre-trial order. The fact that Geder did not abide by either of these orders was not a product of his inability to enter the law library when he wished. Geder simply refused to cooperate. In Geder's second lawsuit, *Geder v. Lane*, No. 87–3267 (C.D.Ill. filed July 10, 1987), Geder was only required to compile a list of trial witnesses and exhibits for the pre-trial order. Geder failed to fulfill this pre-trial obligation, even though no legal research was needed.

Moreover, neither court entered any adverse ruling due to Geder's failure to cooperate. In fact, the courts were particularly lenient with regard to Geder's pre-trial obligations because he was a pro se litigant. In both of Geder's lawsuits, as reflected in the courts' docket sheets, Geder was granted numerous time extensions to give him an opportunity to comply with pre-trial procedures. In *Geder v. Greer*, the court provided Geder with three chances to file a final pre-trial order. He was not sanctioned for his failure to comply with the court's earlier orders. In fact, a trial date in the case is imminent. In *Geder v. Lane*, pre-trial conferences were rescheduled due to Geder's unavailability. Based on this evidence, the court cannot find that Geder was prejudiced in either of his two lawsuits by restricted access to the law library.

Geder also claims he was denied meaningful access to the courts by his inability to receive assistance from a law clerk. The Supreme Court in *Bounds* held that *either* access to the law library or assistance from a person trained in the law is sufficient to provide prisoners with access to the courts. *Id.* at 830–32. "Prison authorities need not provide both of these, but must provide one or the other...." *DeMallory*, 855 F.2d at 446. As discussed, *supra* at 1358, the court finds that Geder had adequate access to the law library. Thus, there was no need for prison officials to provide Geder with the assistance of a law clerk.

In addition, Geder claims that his limited access to the law library and law clerk constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. Because adequate relief is available to Geder under the applicable constitutional provision, this court need not consider whether the restricted access is a violation of the Eighth Amendment. *See Caldwell*, 790 F.2d at 601 n. 16.

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss for failure to state a cause of action is granted.

IT IS SO ORDERED.