Robert A. BOOKLESS, Plaintiff,

v.

Louis E. BRUCE, et al., Defendants.

No. 90–3022–DES.

United States District Court,
D. Kansas.

Feb. 10, 1993.

Robert A. Bookless, pro se.

Phillip C. Brown, pro se.

Jon P. Fleenor, Martha M. Snyder, Office of the Atty. Gen., Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on cross-motions for summary judgment. (Docs. 36, 43). Plaintiff, an inmate in the custody of the Secretary of the Kansas Department of Corrections, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action in January 1990 while he was incarcerated at the Norton Correctional Facility, Norton, Kansas, and initially alleged the holdings of the law library there were so limited, and access to them so restricted, that his right of access to the courts was violated; that this lack of materials prevented inmates with disciplinary charges from effectively contesting these charges; and that a failure to provide trained inmate law clerks, other personnel, and supplies likewise violated his right of access to the courts. Plaintiff initially sought a variety of injunctive relief and damages. By a motion to amend filed December 3, 1990, (Doc. 34), plaintiff abandoned his claim regarding disciplinary charges and his request for damages. The court now considers the remaining claims and requests for relief.

*Factual Background*

The Norton Correctional Facility ("NCF") was developed on the premises of the former Norton State Hospital, a state mental hospital. The conversion process included asbestos removal, installation of fencing, and the construction of new buildings including administrative offices, a central control unit, and a medium security visitation unit. Portions of this development were achieved with compensated inmate labor, and minimum security inmates involved in the project were received at NCF beginning in September 1987. The facility was dedicated in mid-

1989, during the renovation process, and at that time, the facility housed some 200 minimum security inmates. Plaintiff arrived at the facility in late August 1989.

In mid-September 1989, the facility began to receive medium security inmates, and the facility reached its projected population cap of approximately 500 inmates during the first quarter of 1990. Plaintiff was transferred to another minimum security institution on March 9, 1990.

The parties agree that at the time plaintiff was received at NCF, the inmate law library consisted of resources contained on two bookshelves with dimensions of four feet by six feet. Access to these resources was limited and irregular due to the ongoing asbestos removal and remodeling efforts and due to the limited staff at the facility. In mid–1988, the facility entered an agreement through the Norton County Attorney to permit access to the Norton County Law Library by minimum security inmates during evening hours. This agreement was subsequently expanded to permit medium security inmates, who were apparently deemed unacceptable candidates for escorted library visits, to check out materials from the Norton County Law Library for short periods.

In addition, Legal Services for Prisoners, Inc., had a staff attorney and support services at the Norton Correctional Facility beginning in July 1989.

During early 1990, legal research materials for the NCF law library were purchased and received. The new inmate law library was opened on July 6, 1990.

At the time the *Martinez* report (Doc. 26) was filed in this case on September 6, 1990, the inmate law library was open each evening to permit access to the library for approximately fifteen hours per week.

*Standard for granting summary judgment*

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'— that is, pointing out to the district court— that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* Further, in resisting a motion for summary judgment, the nonmoving party may not rest upon mere allegations or denials contained in its pleadings or briefs. Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue for trial. *Abercrombie v. City of Catoosa, Okla.*, 896 F.2d 1228, 1230 (10th Cir.1990). The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

*Discussion*

 It is clear inmates enjoy a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). The protection of this right obligates corrections officials to assure prisoners effective access to the courts by providing either adequate law libraries or the assistance of trained personnel in preparing and filing meaningful legal papers. *Id.* at 830, 97 S.Ct. at 1499. Where an inmate asserts he has been denied access to the

courts, the burden is on corrections officials to show the inmate has received adequate access to legal materials or assistance. *Id.* at 824, 97 S.Ct. at 1496.

 However, in analyzing plaintiff's claim, the court must bear in mind that the nature of the access guaranteed is meaningful access, not total or unlimited access, *id.* at 823, 97 S.Ct. at 1495, and further, that the Fourteenth Amendment due process right of access to the courts "has not been extended ... to apply further than protecting the ability of an inmate to prepare a petition or complaint." *Wolff v. McDonnell,* 418 U.S. 539, 576, 94 S.Ct. 2963, 2984, 41 L.Ed.2d 935 (1974).

▇ Viewing plaintiff's claim of inadequate access in light of this framework, the court finds plaintiff is not entitled to relief. Although it is uncontested the inmate law library at the Norton Correctional Facility initially held few resources and was available to inmates on a limited basis, the record shows this deficiency was balanced by an agreement which afforded inmates access to the holdings of the Norton County Law Library and by the availability of assistance from Legal Services for Prisoners. Further, it is apparent the limited hours of the inmate law library were due to the unusual circumstances of the facility itself, which required extensive renovation. This situation, like the number of resources available, improved quickly as the facility began to receive inmates and approached its operating capacity.

Finally, it is significant that plaintiff has failed to show he was prejudiced by the circumstances at the Norton Correctional Facility during his several months of confinement there. Although plaintiff claims his rights were violated by the absence of inmate law clerks and limited supplies and equipment, as well as the limited resource materials, he has identified no detrimental impact these alleged circumstances had on his right to present meaningful legal papers to the courts. *See Johnson v. Moore,* 948 F.2d 517, 521 (9th Cir.1991) (alleged deficiencies in prison law library did not violate minimal constitutional standards where plaintiff made no showing of substantial nature, lack of alternative means, or obstruction of access to

the courts); *Geder v. Ross,* 765 F.Supp. 1357, 1358–59 (N.D.Ill.1991) (some demonstration of prejudice required to show denial of access to the courts).

Given the combination of services available to inmates at the Norton Correctional Facility and the absence from the record of any indication of prejudice to plaintiff, the court concludes he is not entitled to relief.

IT IS THEREFORE ORDERED the defendants' motion for summary judgment is granted.

The clerk of the court is directed to transmit copies of this Memorandum and Order to plaintiff and to counsel for defendants.