Robert Leo OSWALD, Plaintiff,

v.

Dan GRAVES, Defendant.

No. 92–CV–75749–DT.

United States District Court,
E.D. Michigan, S.D.

April 26, 1993.

Robert Leo Oswald, Adrian, MI, pro per.

Peggy L. Miller, Asst. Atty. Gen., Lansing, MI, for defendant.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

This matter is before the Court on Magistrate Judge Paul Komives' Report and Recommendation that this Court grant defendant Dan Graves' (defendant) Fed.R.Civ.P. 12(b)(6) motion for dismissal, or alternatively, defendant's Fed.R.Civ.P. 56(b) motion for summary judgment. For the reasons hereafter stated, this Court agrees with the Magistrate Judge's conclusion regarding defendant's motion for summary judgment. Plaintiff's complaint is thus DISMISSED.

### I. BACKGROUND

*Pro se* plaintiff Robert Leo Oswald brought suit in this court on September 22, 1992, pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights under the First, Sixth, and Fourteenth Amendments. Plaintiff is a state prisoner who, at all times relevant to this complaint, was incarcerated at the Cotton Regional Correctional Facility in Jackson, Michigan.[1] The Michigan Department of Corrections employed defendant as a law librarian at the Cotton Facility. Plaintiff now sues defendant in his individual capacity.

In his complaint, plaintiff alleges that defendant denied plaintiff his right of access to the courts by refusing to photocopy plaintiff's legal form and by removing plaintiff's name from the library call-out list.[2] Plaintiff also asserts that defendant violated his due process rights under the Fourteenth Amendment by refusing to process his grievance regarding the removal of his name from the

---

1. Plaintiff is currently incarcerated at the Adrian Temporary Facility, Adrian, Michigan.

2. The prisoner "call-out" system is used to authorize unescorted prisoner movement that is routine but not generally recurring. A prisoner may be issued a pass only if he is on an approved call-out list or the movement is approved by the shift commander. *See* OP–JFC–34.02 (II).

call-out list. Plaintiff seeks $10,000 in compensatory damages and $50,000 in punitive.

On December 21, 1993, defendant filed a motion for summary judgment pursuant to Fed.R.Civ.P. 12(b)(6) or, in the alternative, for summary judgment pursuant to Fed. R.Civ.P. 56(b). Plaintiff responded on January 6, 1993. In a Report and Recommendation dated February 10, 1993, Magistrate Judge Komives concluded that defendant's motion should be granted.

The Magistrate Judge reached three conclusions in his Report and Recommendation: 1) plaintiff failed to show that he had been denied access to the courts by reason of prejudice in pending litigation; 2) plaintiff's procedural due process claim is invalid because plaintiff failed to exhaust available administrative remedies; and 3) defendant is entitled to qualified immunity.

Plaintiff filed objections to the Report and Recommendation of March 1, 1993, reiterating his claim that defendant, by refusing to photocopy plaintiff's legal forms and by removing plaintiff's his name from the call-out list denied plaintiff access to the courts.[3] Plaintiff also argues that the Magistrate Judge erred by finding that: 1) the available administrative remedies where adequate; and 2) defendant is entitled to qualified immunity. This court will review *de novo* the Magistrate Judge's determinations.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. *Blakeman v. Mead Containers*, 779 F.2d 1146 (6th Cir.1986); Fed.R.Civ.P. 56(c). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In applying

this standard, the Court must view all materials offered in support of a motion for summary judgment, as well as all pleadings, depositions, answers to interrogatories, and admissions properly on file in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *United States v. Diebold*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Cook v. Providence Hospital*, 820 F.2d 176, 179 (6th Cir.1987); *Smith v. Hudson*, 600 F.2d 60 (6th Cir.1979), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979).

In deciding a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. at 2515. Although summary judgment is disfavored, this motion may be granted when the trial would merely result in delay and unneeded expense. *Poller v. Columbia Broadcasting Systems, Inc.*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *A.I. Root Co. v. Computer/Dynamics, Indus.*, 806 F.2d 673, 675 (6th Cir.1986). Where the non-moving party has failed to present evidence on an essential element of their case, they have failed to meet their burden and all other factual disputes are irrelevant; thus, summary judgment is appropriate. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552; *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." (footnote omitted)).

## III. OPINION

### A. Access to the Courts

In *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), the United States Supreme Court held that the fundamental right of access to the courts

---

**3.** While plaintiff's objections to the Report and Recommendation were not filed in a timely manner, in the interest of justice, the Court will consider the objections.

requires prison authorities to provide prisoners with either an adequate law library or assistance from persons trained in law such that a prisoner's access to the courts is "adequate, effective, and meaningful." *Id.* at 822, 97 S.Ct. at 1498. However, absent a showing of prejudice in pending litigation, denying an indigent prisoner access to free photocopying does not amount to a denial of access to the courts. *Johnson v. Moore,* 948 F.2d 517, 521 (9th Cir.1991); *Jones v. Franzen,* 697 F.2d 801, 803 (7th Cir.1983); *Harrell v. Keohane,* 621 F.2d 1059, 1061 (10th Cir.1980); *Hudson v. Johnson,* 619 F.Supp. 1539, 1544 (E.D.Mich.1985) (Taylor, J.). Thus, although a prison's policy of not providing free photocopying may be unreasonable, "the reasonableness of the policy becomes relevant only after the prisoner has shown that the policy is impeding that access, for if it is unreasonableness but not impeding he has not made out a *prima facie* case of violation of his constitutional rights." *Hudson,* 619 F.Supp. at 1544 (quoting, *Jones,* 697 F.2d at 803).

█ Here, plaintiff has asserted that defendant's one-time refusal to photocopy plaintiff's legal form was unreasonable because plaintiff was required to either pay for the service or devise other means to reproduce the document. Nonetheless, plaintiff has failed to show how this one-time incident has actually prevented him from meeting deadlines, or otherwise prejudiced him in any pending litigation, or actually impeded his access to the courts. *Walker v. Mintzes,* 771 F.2d 920, 932 (6th Cir.1985). Therefore, this Court holds that plaintiff has failed to make out a *prima facie* case that defendant's refusal to photocopy his legal document violated his constitutional rights.

█ Plaintiff also asserts that defendant denied him access to the courts by removing plaintiff's name from the library call-out list. However, there is no prescribed amount of library time that prisoners must be provided. *Walker v. Mintzes,* 771 F.2d 920, 931 (6th Cir.1985). Thus, the focus is on the prisoner's right of access to the courts and not necessarily on the prisoner's right of access to a prison's law library. *Childs v. Pellegrin,* 822 F.2d 1382, 1385 (6th Cir.1987) (citing *Walker,* 771 F.2d at 932).

Plaintiff states that he had access to the facility's law library every Tuesday and Thursday for a total of five hours a week for approximately one year. Plaintiff alleges that his name has been removed from the call-out list on several occasions but provides only one specific event occurring on July 16, 1992. Thus, the actual effect of his name being left off the call-out list is that for one week of 1992 he visited the law library for only two and one half hours instead of five. When it was discovered that plaintiff had missed a day in the library he was offered a make-up day which he refused. It is apparent that defendant and the facility have made efforts to ensure that plaintiff, as well as all other prisoners, have regular access to the law library. Moreover, plaintiff has again failed to show how being denied two and one half hours of library time has caused him prejudice in pending litigation or actually denied him access to the courts. *Walker,* 771 F.2d at 932 (citing *Twyman v. Crisp,* 584 F.2d 352, 357 (10th Cir.1978)).

Therefore, this court holds that plaintiff has failed to show that being denied free photocopying services or two and one half hours of library time denied him access to the courts. Consequently, defendant is entitled to summary judgment on this claim.

### B. *Failure to Exhaust Administrative Remedies*

█ In *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the United States Supreme Court held that procedural due process is not violated when a state employer deprived an individual of a property right as long as the state provided adequate post deprivation remedy. *Id.* at 539, 541, 101 S.Ct. at 1914–16. The Sixth Circuit has extended the rule of *Parratt* to include deprivations of liberty interests. *Watts v. Burkhart,* 854 F.2d 839, 843 (6th Cir.1988) (citing *Wilson v. Beebe,* 770 F.2d 578, 585 (6th Cir.1985)). Furthermore, a plaintiff bringing a § 1983 case on the basis of a violation of procedural due process carries the burden of proving that the state post deprivation remedies are inadequate. *Vicory v. Walton,* 721 F.2d 1062, 1065–66 (6th Cir.

1983), *cert. denied,* 469 U.S. 834, 105 S.Ct. 125, 83 L.Ed.2d 67 (1984).

The State of Michigan provides prisoners with a means by which they can receive redress for a deprivation. M.C.L.A. § 791.-251. Section 791.251 provides that prisoners are entitled to hearings before being deprived of a right. M.C.L.A. § 791.251 (1982 & Supp.1992).[4] A prisoner begins this process by filing a grievance, as did the plaintiff in this case. If this system of review proves inadequate, or the prisoner is still aggrieved, Michigan law allows the judicial review of the administrative decision after the prisoner has exhausted all administrative remedies. M.C.L.A. § 24.301 (1982).[5]

■ Here, plaintiff did file grievances regarding both defendant's refusal to photocopy his forms and the removal of plaintiff's name from the library call-out list. Plaintiff was scheduled for a grievance interview regarding the photocopy issue, but he failed to appear. Thus plaintiff has not exhausted his administrative remedies on that issue and, therefore, this Court will not consider a procedural due process claim on the photocopy issue. Plaintiff also filed a grievance regarding the removal of his name from the library call-out list. Defendant Graves has stated in his affidavit that plaintiff is entitled to a minimum of six hours of library time a week. Therefore, plaintiff may arguably have a vested right in that amount of library time, of which he could not be deprived unless procedural due process requirements had been met. However, because defendant has offered plaintiff a make-up day, it is questionable whether plaintiff has suffered any deprivation. Moreover, the mere filing of a grievance, with nothing more, does not satisfy plaintiff's obligation to exhaust his administrative remedies. Plaintiff has also failed to show how the grievance process is inadequate to redress his claim especially in light of the fact that he never pursued administra-

tive remedies further than the filing of a grievance form.

Therefore, this Court holds that plaintiff has failed to exhaust his available administrative remedies or demonstrate the inadequacy of the remedies. Accordingly, his procedural due process claim shall be dismissed. *Vicory,* 721 F.2d at 1065–66.

### C. *Qualified Immunity*

■ In his motion for dismissal, or alternatively, summary judgment, defendant raises the defense of qualified immunity. Qualified immunity allows law enforcement personnel and prison officials to perform their discretionary duties in good faith and shields them from civil damages for the inadvertent infringements of constitutional rights. Qualified immunity is not, however, available as a defense if the officer knew or reasonably should have known that the law clearly proscribes the action taken and that the action violated clearly established statutory or constitutional rights. *Anderson v. Creighton,* 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987); *Harlow v. Fitzgerald,* 457 U.S. 800, 818–19, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Doe v. Sullivan County, Tennessee,* 956 F.2d 545, 554 (6th Cir.1992) (citing *Dominque v. Telb,* 831 F.2d 673, 677 (6th Cir.1987)).

■ Whether defendant's actions in this case were clearly proscribed by the law is to be determined by the "objective legal reasonableness" of the action with regards to the legal rules that were clearly established at the time it was taken. *Harlow,* 457 U.S. at 819, 102 S.Ct. at 2738. The right allegedly violated must also be clearly established in a much more particularized sense than a broad constitutional right. *Anderson* 483 U.S. at 640, 107 S.Ct. at 3039; *Marsh v. Arn,* 937 F.2d 1056 (6th Cir.1991). Therefore, the issue here is whether plaintiff's right of access to the courts includes a particular right to

---

4. Section 791.251(2) provides in pertinent part that "[t]he hearings division shall be responsible for each prisoner hearing which the department conducts which may result in the loss by the prisoner of a right...." M.C.L.A. § 791.251(2) (1982 & Supp.1992).

5. Section 24.301 provides in pertinent part that "[w]hen a person has exhausted all administrative remedies available within an agency, and is aggrieved by a final decision or order in a contested case, whether such decision order is affirmative or negative in form, the decision or order is subject to direct review by courts as provided by law." M.C.L.A. § 24.301 (1982).

have access to free photocopying and to have access to the library at least two days a week, for two and one half hours a day for an entire year, on the day of his choosing.

■ Because neither constitutions nor statutes require state prisons in Michigan to provide prisoners with free photocopying services, defendant did not violate clearly established statutory or constitutional rights by not providing plaintiff with free photocopying. *Johnson,* 948 F.2d at 521; *Jones,* 697 F.2d at 803; *Harrell,* 621 F.2d at 1061; *Hudson,* 619 F.Supp. at 1544. Also, because prisons are not obligated to provide prisoners with a specific amount of time in the library, removing plaintiff's name from the call-out list, thereby denying plaintiff of two and one half hours of library time, likewise, did not violate clearly established statutory or constitutional rights. *Walker,* 771 F.2d at 931. Therefore, any officer in defendant's place could have reasonably believed that refusing to photocopy a legal form or removing a prisoner's name from a call-out list did not violate the defendant's constitutional rights. Accordingly, the defense of qualified immunity is available to defendant.

In addition, this Court concludes that, even had there been a violation of plaintiff's constitutional rights, defendant would have been reasonably justified in his belief that the law did not proscribe his actions, and that his actions did not violate plaintiff's statutory or constitutional rights. Therefore, plaintiff's claim for damages can be properly terminated by a summary judgment based on the Court's finding that defendant is entitled to the defense of qualified immunity.[6] *Harlow,* 457 U.S. at 808, 102 S.Ct. at 2733.

## IV. CONCLUSION

For all the reasons noted above defendants, motion for summary judgement is GRANTED. Accordingly, plaintiffs' complaint is DISMISSED, and this Courts

Adopts the Magistrates Judges' Report and Recommendation as modified by this opinion.

Under 28 U.S.C. § 1915(a) "[a]n appeal may not be taken *in forma pauperis* if the [district] court certifies in writing that it is not taken in good faith". The Supreme Court has interpreted "good faith" to mean "not frivolous." *Coppedge v. United States,* 369 U.S. 438, 445–56, 82 S.Ct. 917, 921–27, 8 L.Ed.2d 21 (1962). For the reasons stated in this opinion, plaintiffs' complaint fails to state an actionable claim under section 1983. This Court therefore makes a finding that any appeal from this decision would be frivolous. Accordingly, it could not be taken in good faith, and this may not be taken *in forma pauperis.*

IT IS SO ORDERED.

### *JUDGMENT*

IT IS ORDERED AND ADJUDGED that this action is hereby DISMISSED pursuant to the Memorandum Opinion and Order dated April 26, 1993.

---

6. In his objections, plaintiff asserts that the decision in *Hafer v. Melo,* —— U.S. ——, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) prevents this Court from granting defendant qualified immunity. However, *Hafer v. Melo* merely established that a § 1983 case against a state official in her individual capacity could not be barred by the 11th

Amendment's grant of state immunity. *Id.* —— U.S. at ——, 112 S.Ct. at 364. This decision did not affect the defense of qualified immunity which is still available for a state official being sued in either his official or individual capacity. *Id.* —— U.S. at —— — ——, 112 S.Ct. at 364–65.