Bobby **LLOYD**, Plaintiff,

v.

**CORRECTIONS CORPORATION OF AMER., et al., Defendants.**

**No. 94–2379–Ml/Bre.**

United States District Court, W.D. Tennessee, Western Division.

June 10, 1994.

Bobby Lloyd, pro se.

## ORDER OF DISMISSAL

McCALLA, District Judge.

Plaintiff, Bobby Lloyd, an inmate at Federal Correctional Institution at Florence, Colorado, (FCI), who was formerly confined at the West Tennessee Detention Facility (WTDF), has filed a complaint with the court under 42 U.S.C. § 1983. The WTDF, which is owned by Corrections Corporation of America, (CCA), is a privately operated penal facility in Mason, Tennessee, in this district. WTDF houses federal pre-trial detainees under a contract with the United States Marshal Service. Plaintiff was the defendant in *United States v. Lloyd,* No. 92–20254–04–G, in which a judgment of conviction was entered on July 1, 1993. Plaintiff was confined at WTDF while his prosecution was pending and was represented by counsel during that case.

 In order to state a § 1983 claim, plaintiff must allege action under color of state law. *West v. Atkins,* 487 U.S. 42, 55–57, 108 S.Ct. 2250, 2258–60, 101 L.Ed.2d 40 (1988). WTDF officials do not act under color of state law, thus plaintiff has no claim under section 1983. As *pro se* complaints must be liberally construed, however, *see Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the court construes the complaint as attempting to state a claim under *Bivens v. Six Unknown Federal Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). A *Bivens* action may be brought against federal employees and officers for constitutional violations.

 Plaintiff sues CCA, and WTDF officers Warfield and Morgan. His only allegation is the defendants refused him access to the WTDF law library. He does not allege the reason he requested access to the law library.

 In order to allege an unconstitutional restriction on the First Amendment right of access to the courts enunciated by *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491,

52 L.Ed.2d 72 (1977), the inmate must plead and prove he was actually impeded in his ability to conduct a particular case. *Walker v. Mintzes,* 771 F.2d 920, 932 (6th Cir.1985); *Jones v. Franzen,* 697 F.2d 801, 803 (7th Cir.1983). Furthermore, "[w]e are concerned with a right of access *to the courts,* not necessarily to a prison law library." *Mintzes,* 771 F.2d at 932. A prisoner whose access to the courts is otherwise protected is not deprived of a constitutional right, even if his access to a law library itself is restricted. *Twyman v. Crisp,* 584 F.2d 352, 357–58 (10th Cir.1978). In short, " 'restricted access to the law library is not per se denial of access to the courts.' " *Mintzes,* 771 F.2d at 932 (quoting *Twyman,* 584 F.2d at 357).

■ An inmate's right of access to the courts is fully protected if he is represented by counsel. *Skelton v. Pri–Cor, Inc.,* 963 F.2d 100, 104 (6th Cir.1991); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.), *cert. denied,* 469 U.S. 845, 105 S.Ct. 156, 83 L.Ed.2d 93 (1984); *Holt v. Pitts,* 702 F.2d 639, 640 (6th Cir.1983). *Cf. United States v. Sammons,* 918 F.2d 592, 602 (6th Cir.1990) (defendant's waiver of right to court-appointed counsel and decision to represent self in defense of criminal prosecution constituted waiver of right of access to law library). Plaintiff was represented by counsel in his criminal case. His right of access to the courts was therefore adequately protected.

This complaint thus lacks an arguable basis either in law or in fact, and is therefore frivolous. *See Denton v. Hernandez,* —— U.S. ——, ——, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989).

As the complaint is frivolous, it is DISMISSED pursuant to 28 U.S.C. § 1915(d).

The final issue to be addressed is whether plaintiff should be allowed to appeal this decision *in forma pauperis.* Twenty-eight U.S.C. § 1915(a) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.

■ The good faith standard is an objective one. *Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 920–21, 8 L.Ed.2d 21 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal *in forma pauperis. See Williams v. Kullman,* 722 F.2d 1048, 1050 n. 1 (2nd Cir.1983). The same considerations that lead the court to dismiss this case as frivolous also compel the conclusion that an appeal would be frivolous.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a), that any appeal in this matter by plaintiff, proceeding *in forma pauperis,* is not taken in good faith.

IT IS SO ORDERED.