**Roger Oral SMITH, Plaintiff,**

v.

**HARVEY COUNTY JAIL,
et al., Defendants.**

No. 92–3300–DES.

United States District Court,
D. Kansas.

May 19, 1995.

Roger Oral Smith, Newton, KS, pro se.

Wyatt Wright, Kelly W. Milligan, Foulston & Siefkin, Wichita, KS, for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983 by a person formerly incarcerated in the Harvey County Jail, Newton, Kansas.[1] Plaintiff claims that during his incarceration there, his constitutional rights were violated by the provision of inadequate medical care and an improper diet, denial of access to a law library, and denial of outdoor recreation. Having examined the record, the court makes the following findings and order.

*Procedural history*

On November 16, 1992, defendants filed a motion to dismiss (Doc. 17). Plaintiff was granted additional time to respond, and March 31, 1993, he filed a motion to amend his complaint (Doc. 25). Defendants filed a timely opposition to this motion (Doc. 29). On December 27, 1993, plaintiff filed a motion for an extension of time (Doc. 31), to which defendants filed a timely opposition (Doc. 32).

---

1. Plaintiff is presently an inmate in the custody of the Kansas Department of Corrections.

After reviewing these materials, the court finds the plaintiff's allegations in his proposed amended complaint are essentially restatements of those identified in his initial complaint and agrees the plaintiff's allegations in his amended complaint do not cure deficiencies in the original complaint. Therefore, the motion for leave to amend will be denied.

The court likewise finds it appropriate to deny plaintiff's motion for an extension of time to respond, as his failure to contradict any of the detailed factual information presented in the materials supporting defendants' motion to dismiss in his proposed amended complaint persuades the court that an extension of time would be futile.

*Factual Background*

Plaintiff was housed in the Harvey County Jail from February 24, 1992, to August 17, 1992, as a pretrial detainee awaiting trial on charges of aggravated robbery. A trial held in early July ended in a mistrial, and plaintiff was convicted following a second trial held in early August 1992. He was transferred to the custody of the Secretary of the Kansas Department of Corrections on August 17, 1992.

The Harvey County Jail provides medical services to inmates through Emergency Services of Kansas, P.A. ("ESK"). An inmate may request medical attention by completing a request form, and a physician then visits the jail to provide on-site care. In emergency circumstances, the inmate is taken to the Newton Medical Center.

Plaintiff complained of underarm soreness on May 29, 1992, and was examined on the same day by Dr. Ron Morford. Dr. Morford diagnosed the condition as ingrown hair and prescribed antibiotics. Plaintiff again complained of pain on June 15 or 16, and was examined on June 16. Antibiotics were again prescribed, and plaintiff was instructed to apply compresses to the painful area.

Plaintiff was taken to the Newton Medical Center on June 19, and the areas were lanced and drained. This treatment was repeated on June 26. Plaintiff received antibiotics and pain medication during this period, and jail attendants assisted him with compresses and changing dressings on the areas. The sutures were removed on July 2, and plaintiff continued to receive antibiotics throughout his stay in the jail.

Inmates in the Harvey County Jail are served meals from a five-week menu cycle planned by a state dietitian. Substitutions are occasionally permitted in response to delivery delays, insufficient quantities, and the like. Trustees prepare meals and maintain food preparation and storage areas under the supervision of jail employees, and these areas have consistently passed jail inspections.

During his incarceration at the jail, plaintiff's complaints concerning food concerned portion size, the food selected, and food preparation. However, he ordinarily consumed the food served, and no significant weight fluctuation was noted during the months of his incarceration.

The Harvey County Jail does not have an outdoor exercise area. However, inmates are permitted to exercise in their cells, and information is posted describing an exercise program. Plaintiff exercised in his cell at least occasionally.

The Harvey County Law Library is in the same building as the Harvey County Jail, but it is unsecured and is not available to jail inmates. However, plaintiff's requests for copies of legal materials were granted, and plaintiff was represented by an attorney in his criminal case. Plaintiff was allowed to contact his attorney from the jail by telephone, and his attorney visited him in jail several times.

*Discussion*

In considering defendants' motion to dismiss, the court must assume all well-pleaded facts in plaintiff's complaint are true and must view these facts in the light most favorable to plaintiff. *Zinermon v. Burch,* 494 U.S. 113, 118, 110 S.Ct. 975, 979, 108 L.Ed.2d 100 (1990); *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). Dismissal is proper only where it is clear that "'plaintiff can prove no set of facts in support of his claim to entitle him to relief.'" *Bradley v. United States,* 951 F.2d 268, 270 (10th Cir.

1991) (quoting *Morgan v. City of Rawlins,* 792 F.2d 975, 978 (10th Cir.1986)).

### Medical care

Generally, prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's "serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth County Corr. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 347 (3rd Cir.1987), *cert. denied,* 486 U.S. 1006, 108 S.Ct. 1731, 100 L.Ed.2d 195 (1988). Prison officials show deliberate indifference to such serious medical needs where they deny, delay, or intentionally interfere with medical care. *Wood v. Housewright,* 900 F.2d 1332, 1334 (9th Cir.1990). However, no claim of constitutional dimension is stated where a prisoner challenges only matters of medical judgment or otherwise expresses a mere difference of opinion concerning the appropriate course of treatment. *Ledoux v. Davies,* 961 F.2d 1536, 1537 (10th Cir.1992). Similarly, a delay in providing medical care does not violate the Eighth Amendment unless there has been deliberate indifference resulting in substantial harm. *Olson v. Stotts,* 9 F.3d 1475, 1477 (10th Cir. 1993).

Although a pretrial detainee cannot invoke the Eighth Amendment, which applies only to those convicted of a crime, the standard of deliberate indifference applies to claims of constitutionally inadequate medical care made by pretrial detainees. *Frohmader v. Wayne,* 958 F.2d 1024, 1028 (10th Cir. 1992). As a pretrial detainee, plaintiff was entitled to be free from punishment, as contemplated by "the pertinent constitutional guarantee ... the Due Process Clause of the Fourteenth Amendment." *Ingraham v. Wright,* 430 U.S. 651, 672 n. 40, 97 S.Ct. 1401, 1413 n. 40, 51 L.Ed.2d 711 (1977); *see also Berry v. City of Muskogee,* 900 F.2d 1489, 1493 (10th Cir.1990) (point for distinguishing pretrial detainees, whose care is governed by due process principles, from prisoners, who are protected by the Eighth Amendment, is conviction).

The record shows plaintiff received prompt medical care in response to his complaints of pain, including examinations, pain medication, and antibiotics. The medical condition in question, while no doubt uncomfortable, was not a serious threat to plaintiff's health. Any delay in providing treatment was brief, and there is no evidence plaintiff suffered substantial harm. Accordingly, the court finds plaintiff is entitled to no relief on this claim.

### Diet

A prisoner is entitled to "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Ramos v. Lamm,* 639 F.2d 559, 570–71 (10th Cir.1980), *cert. denied,* 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981). Even food which meets the standard of nutritional adequacy may violate the constitution when the area where it is prepared is so unsanitary that it threatens inmates' health. *Toussaint v. McCarthy,* 597 F.Supp. 1388, 1412 (N.D.Cal.1984), *aff'd in part, rev'd in part, vacated in part and remanded,* 801 F.2d 1080 (9th Cir.1986), *cert. denied,* 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987).

The food served at the jail was prepared in substantial compliance with a menu plan developed by a dietitian, and there is no evidence the diet was not nutritionally adequate. Plaintiff's claim concerning the food served at the jail is essentially no more than a complaint that the food served was not to his liking, and that jail trustees were permitted to purchase food from outside sources with their earnings. Serving plain but nutritious food to inmates, however, does not offend the Constitution. *Zingmond v. Harger,* 602 F.Supp. 256, 262–63 (N.D.Ind.1985). Although jail trustees are occasionally allowed to purchase food, both trustees and jail attendants usually eat the same food as inmates. Moreover, the record shows the food storage and preparation areas at the Harvey County Jail passed routine inspections, and

there is no evidence to suggest conditions there were unsanitary during the period in question. Plaintiff therefore cannot prevail on this claim.

*Exercise*

■ It is generally agreed that regular exercise of some type is crucial for the psychological and physical fitness of prisoners. *Bailey v. Shillinger,* 828 F.2d 651, 653 (10th Cir.1987). However, "what constitutes adequate exercise will depend on the circumstances of each case, including the physical characteristics of the cell and jail and the average length of stay of the inmates." *Housley v. Dodson,* 41 F.3d 597, 599 (10th Cir.1994). Where a prisoner has a reasonable opportunity for exercise and does not allege any significant physical deterioration, no constitutional claim is presented. *Buffington v. O'Leary,* 748 F.Supp. 633, 634 (N.D.Ill.1990).

■ The Harvey County Jail is not equipped with an outdoor exercise area, and the only area for physical exercise apparently is in the housing area. Inmates have access to printed instructions for calisthenics, and the jail makes some recreational materials, such as board games and television, available to its inmates. The average stay of an inmate in the facility is seven days, and it does not appear the jail was crowded during plaintiff's incarceration there. Plaintiff exercised in his cell during at least part of his stay in the Harvey County Jail. Under these circumstances, the court is persuaded plaintiff was not subjected to unconstitutional conditions of confinement, as he had an opportunity and sufficient space to perform at least a limited range of physical exercise during his pretrial detention. Although fresh air and outdoor recreation are universally recognized as desirable for inmates, the court finds the conditions of plaintiff's confinement, viewed in light of the relatively short period of his detention, did not violate the Constitution. *Cf. Spain v. Procunier,* 600 F.2d 189, 199 (9th Cir.1979) (prisoners with lengthy terms of confinement must be given opportunity for outdoor exercise); *Carver v. Knox Co., Tenn.,* 753 F.Supp. 1370, 1390 (E.D.Tenn. 1989) (suggesting opportunity for outdoor exercise not constitutionally required unless inmates required to spend more than a year in jail), *aff'd in part, rev'd in part,* 887 F.2d 1287 (6th Cir.1989), *on remand* 753 F.Supp. 1398, *cert. denied,* 495 U.S. 919, 110 S.Ct. 1949, 109 L.Ed.2d 311 (1990).

*Access to the courts*

■ It is settled inmates have a constitutional right of access to the courts. *Bounds v. Smith,* 430 U.S. 817, 821–22, 97 S.Ct. 1491, 1494–95, 52 L.Ed.2d 72 (1977). In *Bounds,* the Supreme Court found this right of access "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. at 828, 97 S.Ct. at 1498. The Court has emphasized that this right has not been extended "further than protecting the ability of an inmate to prepare a petition or complaint." *Wolff v. McDonnell,* 418 U.S. 539, 576, 94 S.Ct. 2963, 2984, 41 L.Ed.2d 935 (1974). This right of meaningful access also extends to inmates in county jails. *Love v. Summit County,* 776 F.2d 908, 912 (10th Cir.1985), *cert. denied,* 479 U.S. 814, 107 S.Ct. 66, 93 L.Ed.2d 25 (1986).

■ The *Bounds* decision, however, cannot be read to require unfettered access to a law library by every inmate, as the Supreme Court noted the right of access could be satisfied by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law. *Bounds,* 430 U.S. at 828, 97 S.Ct. at 1498. The constitutionally relevant benchmark is meaningful, not total or unlimited, access. 430 U.S. at 823, 97 S.Ct. at 1495.

■ Plaintiff specifically alleges he was denied access to legal books and materials relevant to his defense. However, an inmate's right of access to the court is adequately protected where the inmate is represented by counsel, even if the inmate is not allowed access to legal materials to personally conduct legal research. *Skelton v. Pri-Cor, Inc.,* 963 F.2d 100, 104 (6th Cir.1991), *cert. denied,* 503 U.S. 989, 112 S.Ct. 1682, 118 L.Ed.2d 398 (1992); *United States v. Wilson,*

690 F.2d 1267, 1271–72 (9th Cir.1982), *cert. denied,* 464 U.S. 867, 104 S.Ct. 205, 78 L.Ed.2d 178 (1983); *Lloyd v. Corrections Corp. of America,* 855 F.Supp. 221, 223 (W.D.Tenn.1994); *Pippins v. Adams County Jail,* 851 F.Supp. 1228, 1234 (C.D.Ill.1994). Plaintiff was represented by counsel throughout his pretrial detention, removing any need for defendants to allow plaintiff access to the materials in the Harvey County Law Library to prepare a defense.

Having considered the pleadings, the court finds defendants' motion for dismissal is properly granted. Accordingly,

**IT IS THEREFORE ORDERED** the defendants' motion for dismissal is granted and all relief is denied.