Kurby DECKER, Appellant,

v.

Chequita DUNBAR, T.D.C.J.-I.D., et al., Appellees.

No. 06–06–00033–CV.

Court of Appeals of Texas, Texarkana.

Submitted July 18, 2006.

Decided Aug. 16, 2006.

Rehearing Overruled Sept. 19, 2006.

Kurby Decker, New Boston, pro se.

TDGJ–Office of General Counsel, Inmate Litigation Management, Austin, for appellees.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

It would be an understatement to say that Texas Department of Criminal Justice pro se inmate Kurby Decker has issues with the Department and many of its employees. In fact, Decker raises so many issues in his volumes of long-hand pleadings, affidavits, and correspondence, and they are raised in such a disorganized and cryptic fashion, it is almost impossible to identify those issues.

The trial court's judgment of February 27, 2006, dismissed four of Decker's claims: (1) that Decker had been unconstitutionally denied court access due to his being improperly restricted in his use of the prison law library, (2) that Decker had been retaliated against by prison officials for exercising his constitutional rights, (3) that prison officials should be enjoined from denying Decker a suitable lock box he could use, in spite of his multiple physical disabilities, to secure his legal paperwork from improper confiscation, and (4) seeking to compel issuance of citation against the named defendants in his action. He has filed pro se a difficult-to-follow appellate brief urging what he portrays as six points of error, but effectively appealing the first three above-listed claims. We affirm the trial court's dismissal order because (1) Decker has not pled cognizable harm in connection with his claim that he has been denied meaningful access to the prison law library; (2) Decker has not pled cognizable harm in connection with his claim that he was retaliated against for exercising constitutional rights; and (3)

Decker has not exhausted his administrative remedies sufficient to pursue his claim for injunctive relief—but we hold that (4) the trial court's dismissal order should be modified to make all the dismissals without prejudice. As modified, the judgment is affirmed.

We begin by noting that, while Decker's brief is submitted in a disjointed and largely incoherent manner, we have attempted, as much as possible, to liberally construe his brief in order to give effect to his arguments. *See* TEX.R.APP. P. 38.1(h), 38.9.

A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Strange v. Cont'l Cas. Co.,* 126 S.W.3d 676, 677 (Tex.App.-Dallas 2004, no pet.). On appeal, as at trial, the pro se appellant must properly present his or her case. *Id.* at 678. The Texas Rules of Appellate Procedure require an appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX.R.APP. P. 38.1(h); *Green v. Kaposta,* 152 S.W.3d 839, 841 (Tex.App.-Dallas 2005, no pet.).

We have little latitude on appeal and cannot remedy deficiencies in a litigant's brief or supply an adequate record. *Strange,* 126 S.W.3d at 678. Because Decker failed to adequately brief his issues on appeal, he has preserved nothing for our review. *Id.* Nevertheless, we will consider his issues individually to the extent possible. *See Green,* 152 S.W.3d at 841.

Decker first complains that the dismissal should be reversed because he did not consent to the trial court's appointment of a master to hear his case, referring to Rule 171 of the Texas Rules of Civil Procedure as authority. *See* TEX.R. CIV. P. 171. That does not appear to match this situa-

tion. The trial court did get assistance from an individual to review the case and provide the trial court some legal analysis and a recommended disposition. The record does not reflect that the person sat as a master or as a special judge in any respect. The record affirmatively shows that the trial court issued its own order of dismissal and that the individual who helped the court did not take any official action, but simply helped the court informally. The cited authority is inapposite, and error in this respect has not been shown.

*(1) Decker Has Not Pled Cognizable Harm in Connection with His Claim That He Has Been Denied Meaningful Access to the Prison Law Library*

■ The complaint taking center stage in Decker's multifaceted attack is his allegation that, because of unduly restrictive law library bathroom break rules, Decker, with his various physical problems, is being effectively denied sufficient prison law library access and, thus, access to the courts. Yet, Decker has not directed us to any allegation of how those restrictions have denied him the ability to assert a legitimate legal complaint or defense in the courts, we have carefully searched the record for any such allegation, and we have found no such allegation in his numerous writings which appear in the record. In fact, in Decker's writings is evidence of many hours of regular and extensive access to the prison law library over an extended period.

■ Decker argues that the trial court erred by dismissing his lawsuit as having no arguable basis in law—he argues instead that there was a possibility he might have prevailed on the merits. Decker argues that his 42 U.S.C.A., Section 1983 claim states a cause of action if he alleges (1) the deprivation of a federal right (2) by someone who acted under color of state law. Section 1983 provides a remedy when any person acting under color of state law deprives another of rights, privileges, or immunities protected by the United States Constitution or laws. 42 U.S.C.A. § 1983 (West 2003); *see Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). In applying Section 1983, a court must first determine whether the plaintiff has been deprived of such a right, privilege, or immunity. *Thomas v. Collins,* 960 S.W.2d 106, 109 (Tex.App.-Houston [1st Dist.] 1997, pet. denied).

Although Decker does have a right, as articulated by the courts, to adequate access to legal materials, *see Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), it is also without question that, to prevail on such a claim, he must show that, in some fashion, a legitimate legal claim has been frustrated or impeded. *Wilson v. Blankenship,* 163 F.3d 1284, 1290 (11th Cir.1998); *Sabers v. Delano,* 100 F.3d 82 (8th Cir.1996) (without showing of cognizable injury, prisoner had no standing to pursue claim for herself and others); *Higgason v. Farley,* 83 F.3d 807 (7th Cir.1996); *Jenkins v. Lane,* 977 F.2d 266 (7th Cir.1992); *Martin v. Tyson,* 845 F.2d 1451 (7th Cir.1988) (no showing of harm); *Hossman v. Spradlin,* 812 F.2d 1019 (7th Cir.1987) (summary judgment against inmate on civil rights claim proper since inmate did not state how restrictions denied him access to courts); *Arce v. Walker,* 58 F.Supp.2d 39 (W.D.N.Y.1999) (evidence did not establish retaliation in restriction of access to library); *Warburton v. Goord,* 14 F.Supp.2d 289 (W.D.N.Y. 1998) (claim fails without proof of how restrictions denied claimant ability to assert or defend legal claim in court); *Geder v. Roth,* 765 F.Supp. 1357 (N.D.Ill.1991) (claim dismissed since inmate did have li-

brary access and could not prove prejudice).

We find no place in any of Decker's pleadings where he particularizes an allegation that he was effectively denied access to the courts because of the alleged restrictions in his use of the law library. Such allegations are essential, and there is authority that supports a dismissal simply for a failure to make such allegations. *Martin v. Davies*, 917 F.2d 336 (7th Cir. 1990) (with no allegation of facts showing harm, plaintiff fails to state claim); *Ramirez v. Holmes*, 921 F.Supp. 204 (S.D.N.Y.1996) (failure to allege harm is fatal to claim); *Lloyd v. Corrections Corp. of Am.*, 855 F.Supp. 221 (W.D.Tenn.1994) (dismissal proper without allegation of harm from library access restrictions); *Oswald v. Graves*, 819 F.Supp. 680 (E.D.Mich.1993) (summary denial proper if allegations do not set out harm). *But see Alston v. DeBruyn*, 13 F.3d 1036 (7th Cir. 1994) (abuse of discretion to dismiss inmate claim as frivolous without giving inmate opportunity to amend to particularize claims).

In this case, Decker has provided a substantial calendar admitting many hours that he has been scheduled for law library use, but nothing to show that his efforts to pursue a legal claim or defense in court were in any way impeded by prison officials, or of any impact that any overly draconian "bathroom break" rules might have had on his ability to exercise his constitutional right of access to the courts. Thus, we find that Decker has not alleged the requisite deprivation of a right, privilege, or immunity when he complained of officials' "abuse of power" in their decision to place some constraints on Decker's use of the law library by requiring him to terminate his session if he chose to go to the bathroom during his use.

Because of Decker's admissions of extensive law library use, because of his failure to allege any cognizable harm from the allegedly improper library access restrictions, and because he does not argue on appeal any desire to amend to set up such allegations of harm, we conclude the trial court did not abuse its discretion in dismissing Decker's claims which are based on library access restrictions. *See Berry v. Tex. Dep't of Criminal Justice*, 864 S.W.2d 578, 580 (Tex.App.-Tyler 1993, no writ).

*(2) Decker Has Not Pled Cognizable Harm in Connection with His Claim That He Was Retaliated Against for Exercising Constitutional Rights*

■ Decker also claims various vague forms of retaliation by prison officials against him for asserting his constitutional rights. Yet, again, Decker has failed to direct us to any allegation of how the alleged retaliation has harmed him, we have carefully searched the record for any allegation of harm, and we have found no such allegation in Decker's numerous writings which appear in the record. On the same basis as our ruling above on the claims for restricted library access, we conclude the trial court did not abuse its discretion in dismissing Decker's claims of retaliation.

*(3) Decker Has Not Exhausted His Administrative Remedies Sufficient to Pursue His Claim for Injunctive Relief*

■ The trial court dismissed Decker's claim for injunctive relief on the basis that Decker did not first exhaust his administrative remedies on that point. Decker appears to take issue with that finding. To understand this dispute, a little background is in order.

To support filing his original lawsuit, Decker filed various affidavits and grievance forms in an effort to demonstrate

that he pursued internal grievances on his complaints. But, his original lawsuit contained no complaint about being refused an appropriate lock box for secure storage of his legal papers. As mentioned above, Decker's principal complaints made the subject of grievances were various alleged restrictions in his use of the prison law library, including the complaint that he was allowed fewer hours than were required and that improper bathroom break rules were enforced against him.

Later, Decker filed his request for injunctive relief. Exactly what injunctive relief he sought is unclear and may be subject to serious dispute. The body of his pleading seeking injunctive relief is conflicting and unclear, containing apparent pleading intermixed with factual allegations in the form of an affidavit dropped into the middle of his pleading. His prayer seeks only one clearly stated form of injunctive relief, that prison officials be enjoined from denying him a suitable lock box for his legal papers. The other portion of his prayer makes a vague request to the effect that prison officials be enjoined from violating his rights in every respect, but that part of the prayer is entirely too vague and global to have any effect and, thus, will be ignored for purposes of appellate analysis.

Therefore, we read his prayer for injunctive relief as requesting only a suitable lock box for secure storage of his legal papers. The record does not reflect that Decker filed any grievance in connection with this claim, although he certainly filed grievances on various other issues. Section 14.005 of the Texas Civil Practice and Remedies Code requires that a grievance be filed, and for the grievance procedures to be exhausted, before an inmate may file such a claim. Tex. Civ. Prac. & Rem.Code Ann. § 14.005 (Vernon 2003); *see Smith v. Tex. Dep't of Criminal Justice–Institu-*

*tional Div.,* 33 S.W.3d 338, 341 (Tex.App.-Texarkana 2000, pet. denied).

Thus, we conclude that the trial court was correct in dismissing Decker's request for injunctive relief, without prejudice, due to Decker's failure to exhaust administrative remedies in that regard.

*(4) The Trial Court's Dismissal Order Should Be Modified to Make All the Dismissals Without Prejudice*

Though we find the dismissals should be affirmed, to the extent the dismissals were with prejudice, we find they were improper, requiring a modification of the judgment to remove the "with prejudice" aspect of the dismissals.

A dismissal with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and decided. *See Ritchey v. Vasquez,* 986 S.W.2d 611, 612 (Tex.1999). Orders dismissing cases with prejudice have full res judicata and collateral estoppel effect, barring subsequent litigation of the same causes of action or issues between the same parties. *See Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 630–31 (Tex. 1992). A dismissal with prejudice is improper if the plaintiff's failure can be remedied. *See Hickman v. Adams,* 35 S.W.3d 120, 124 (Tex.App.-Houston [14th Dist.] 2000, no pet.).

The trial court dismissed with prejudice Decker's claim of undue restriction on his access to the prison law library, reasoning that it was impossible for Decker to replead to state a cause of action. We note that the defect in this claim as pled was that there was no allegation of harm actually caused by the alleged restrictions. That would seem to be a remediable defect, should Decker really have any resulting harm he could properly allege. We must conclude that the "with prejudice" aspect of the dismissal of the claims as to

library restrictions is improper and must be removed from the judgment.

Decker's claim of retaliation was also dismissed with prejudice, the trial court reasoning that it was too late for Decker to later file that claim based on the facts alleged in Decker's pleadings. Whether that conclusion is true, the proper time to dispose of a late-filed claim is after it is filed. We must conclude that the "with prejudice" aspect of the dismissal of this claim is improper and must be removed.

Therefore, we modify the trial court's judgment of dismissal to remove the "with prejudice" aspect of the dismissals. As modified, we affirm the trial court's judgment.