A. M. COUCH, Appellant,

v.

Jack A. SCHLEY, Sr., Appellee.

No. 3424.

Court of Civil Appeals of Texas.

Waco.

Nov. 28, 1956.

Rehearing Denied Jan. 3, 1957.

W. H. Wren, Hamilton, for appellant.

H. J. Cureton, Jr., Meridian, Abney, Hammett & Lynch, Lampasas, H. W. Allen, Hamilton, for appellee.

HALE, Justice.

Appellant, A. M. Couch, instituted this suit on February 24, 1956, against appellee, Jack A. Schley, Sr., for "title and ownership" of $1,000 in currency which he found buried in the ground on January 7, 1952, while working on premises belonging to appellee. In answer to the suit, appellee interposed a plea of res judicata based upon a prior judgment rendered by the trial court and affirmed by the Supreme Court, and moved for summary judgment. The trial court granted the motion and rendered judgment summarily that appellant take nothing.

Appellant predicates his appeal upon three points of error, as follows: "(1) The trial court erred in ruling that the appellant's suit for title and ownership of the money in question was res judicata, in that such questions had been decided by the Supreme Court in its decision; (2) the appellant having alleged in his petition that the same is a suit for title and ownership to the money, and, having alleged issues of fact in support of the same that have occurred since the original suit and trial for possession, the same shows upon its face that the decision in the prior case is not res judicata; and (3) the appellant having al-

leged and plead disputable issues of fact in the case at bar, he is entitled to a jury trial to decide them, and the trial court erred in thereby granting the appellee's Motion for Summary Judgment."

■ In our opinion, the trial court did not err in rendering summary judgment that appellant take nothing in the present suit. We think it appears without dispute from the pleadings of the parties herein and the showing made upon the hearing of the motion for summary judgment, that the subject matter, cause of action, parties and capacities of the parties in the present suit are identical in all respects with those involved in the prior suit wherein the judgment of the court below was adverse to appellant herein, and such judgment was affirmed by the Supreme Court of Texas upon the grounds set forth in its opinion, which is reported in the case of Schley v. Couch, 284 S.W.2d 333. Under the doctrine of res judicata, the parties to a final judgment rendered by a court of competent jurisdiction are precluded from relitigating in a second suit the issues which were, or could have been, pleaded and proved in the prior suit. Maxwell v. Campbell, Tex.Civ.App., 282 S.W.2d 957, pts. 4 and 5 (er. ref.) and authorities there cited.

■ Appellant alleged in his prior suit "that the plaintiff as finder of said money, is entitled to same and all of same. That the original owner of same is dead or unknown, or has abandoned it." In his brief filed in this Court on appeal of the prior suit, appellant stated therein that "plaintiff alleged that he was entitled to possession and ownership of the money as finder thereof," and requested this Court to "render its judgment that Appellant-Finder to be in possession and ownership of the money in question." It thus appears that appellant put in issue on the former trial the ownership as well as the right to the possession of the money as between himself and appellee herein.

Furthermore, appellant's claim in the present suit for title and ownership of the money in controversy, as distinguished from what he now says was only his claim for possession in the prior suit, is bottomed upon the fact that he was the finder of such money. He does not claim that he is now or ever has been the true owner of the money in the sense that he lost it or misplaced it in the ground where he later found it, or that he ever acquired any right, title or interest in or to the money except as the finder thereof. The only facts alleged to have transpired since the former suit was tried is the publicity which was given to the prior suit and the lapse of time since the former trial. However, we fail to see how publicity relating to a law suit or the mere lapse of time after its trial could give rise to a new or different cause of action that is necessarily based on the controlling facts which existed at the time the case was first tried.

■ The Supreme Court has specifically held, as we understand its opinion on the prior appeal, that appellant herein acquired no right to the possession of the money in controversy by reason of the fact that he found the money buried in the ground while working on premises belonging to appellee. That being true, we do not think any proprietary right of appellant as finder of the money could ever mature into a right of title or ownership, and hence the only proper judgment which the trial court could have rendered in the present suit was one that appellant take nothing. Under such circumstances, it was proper for the trial court to dispose of this case by summary judgment. Puls v. Clark, Tex.Civ.App., 199 S.W.2d 811 (er. ref.); Hunt v. Wichita County Water Improvement District, Tex. Civ.App., 213 S.W.2d 343 (er. ref. n. r. e.); Rolfe v. Swearingen, Tex.Civ.App., 241 S. W.2d 236 (er. ref. n. r. e.); Kaufman v. Blackman, Tex.Civ.App., 239 S.W.2d 422 (er. ref. n. r. e.).

The judgment of the court below is affirmed.