**Bailey Allen SWENSON, Appellant,**

v.

**Kathryn Thomas SWENSON et al., Appellees.**

**No. 33.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Oct. 25, 1967.

Rehearing Denied Nov. 15, 1967.

Bernard A. Golding, Houston, for appellant.

Talley & Guest, Monroe R. Talley and William F. Guest; Hutcheson, Taliaferro & Hutcheson, Edward C. Hutcheson and John D. Roady, Houston, for appellee.

SAM D. JOHNSON, Justice.

This action is predicated on an appellant's bill of review which was filed in the original trial court to set aside a former judgment of divorce on the grounds of alleged misconduct and fraud on the part of the appellee.

The initial divorce action was brought by appellee herein and was tried to a jury. After the jury's verdict was returned, the court entered its judgment granting a divorce to the appellee, dividing the estates of the parties and awarding attorney's fees. Motion for new trial was filed by the appellant, heard and overruled by the court, and an appeal from that judgment was taken.

The appeal was heard by the 11th Court of Civil Appeals at Eastland which affirmed the trial court on August 12, 1966, and rehearing was denied September 2, 1966. That appeal, reported as Swenson v. Swenson, Tex.Civ.App., 406 S.W.2d 245, err. dism'd., was founded upon alleged errors of the trial court in dividing the estates of the parties and the award of attorney's fees.

On September 6, 1966, four days after the Court of Civil Appeals had denied rehearing, appellant made what is styled as an application for writ of error coram nobis to the Eastland Court of Civil Appeals based on alleged misconduct and fraud on the part of appellee. This application, containing four affidavits supporting the allegations of misconduct and fraud, asked that the judgment of the trial court be set aside and that the cause be remanded for new trial. The application was overruled by the Eastland Court of Civil Appeals with the following order:

"This day came on to be heard appellant's motion for permission to file writ of error coram nobis and the same, having been duly considered, is hereby overruled."

Subsequently, on December 9, 1966, appellants filed this action for bill of review in the original trial court. Appellant's application for bill of review contains affidavits alleging significant acts of misconduct and fraud on the part of the appellee and alleges that had such evidence been obtainable at the time of the trial that a different result would have been obtained. The essence of these same allegations, and others, were contained in the appellant's application for writ of error coram nobis filed with the Court of Civil Appeals at Eastland; one affidavit being identical. The alleged misconduct was the same, the parties before the court were the same, and the prayer to set aside the original judgment of the trial court was the same.

On April 6, 1967, appellees filed motion for summary judgment attaching thereto

certified copies of the coram nobis proceedings that were before the Eastland Court of Civil Appeals. See Boswell v. Handley, 397 S.W.2d 213 (Tex.Sup. 1965). The trial court, on April 24, 1967, granted appellee's motion for summary judgment. This appeal comes from such action.

The substance of the motion for summary judgment was that appellant's cause was res judicata by reason of the judgment of the Court of Civil Appeals at Eastland previously entered on September 16, 1966. It is well established that the plea of res judicata may be raised by motion for summary judgment. Hartely v. Langdon & Co. (1961 Tex.Civ.App.) 347 S.W.2d 749; Pridgen v. Denson (1957 Tex.Civ.App.) 298 S.W.2d 276, err. ref., n. r. e.; Couch v. Schley (1956 Tex.Civ.App.) 297 S.W.2d 228, err. dism'd.; Willoughby v. Jones (1952), 151 Tex. 435, 251 S.W.2d 508; McKay v. Dunlap (1951 Tex.Civ.App.) 244 S.W.2d 278, err. ref., n. r. e. It is likewise fundamental that for an order to be res judicata, it must be rendered on the merits of the controversy. Cooper v. Cooper, Tex. Civ.App., 168 S.W.2d 686, no writ history. An order or judgment that is merely a ruling on a technical or procedural aspect of the case is not res judicata. Hartford Fire Ins. Co. v. King, 31 Tex.Civ.App. 636, 73 S. W. 71, no writ history.

The question before this court is whether or not the granting of appellee's motion for summary judgment was proper in this instance. If the action of the Eastland Court of Civil Appeals was res judicata on this matter, the motion was correctly granted, as there was no genuine issue as to the material fact and the appellee was entitled to judgment as a matter of law.

It is clear from the court's order that the *permission to file* the writ of error coram nobis was denied, therefore no determination could have been made on the merits of the application. That court possibly concluded that a writ of error coram nobis is a writ to be employed in the court that rendered the original judgment for the correction of errors of fact as distinguished from errors of law. The court possibly concluded that such a writ will not lie after affirmance of the judgment on writ of error or appeal, or that a divorce decree cannot be reviewed by writ of error coram nobis. See 49 C.J.S. 562, 563.

For whatever reason the Eastland Court of Civil Appeals overruled appellant's motion for permission to file the writ of error coram nobis, it is clear that the record of such action cannot avail appellees in the case at bar as the *sole support* for the motion for summary judgment. Summary judgment may be rendered only if the pleading and its exhibits show that there is no genuine issue as to any material fact. The movant has the burden to prove clearly his right to summary judgment, and that there is no issuable fact in the case for determination. Tigner v. First Nat. Bank of Angleton, 153 Tex. 69, 264 S.W.2d 85.

"All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment; and the court accepts as true all evidence of the party opposing the motion which tends to support such party's contention and gives him the benefit of *every reasonable inference* which properly can be drawn in favor of his position." Smith v. Ellis, Tex.Civ.App., 319 S.W.2d 745, no writ history; Flowers v. Central Power & Light Co., Tex.Civ.App., 314 S.W.2d 373 err. ref., n. r. e.

We do not pass upon the merits of appellant's bill of review. We are compelled, however, giving "every reasonable inference" which properly can be drawn in favor of appellant's position, to conclude that the motion for summary judgment under the state of the record before us, should not have been granted.

Reversed and remanded.