

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00101-CV

_____

RICKY J. SHUGART, Appellant

V.

DAVID THOMPSON, A.K.A. "LEAD AGENT," A.K.A. "AGENTS" AND UNKNOWN
DEPUTIES, A.K.A. "AGENTS" EACH IN THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES, SHERIFF'S DEPARTMENT OF FANNIN COUNTY, Appellees

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CV-15-42338

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

Ricky J. Shugart, an inmate in a Texas Department of Criminal Justice prison appeals, pro se, from the trial court's order dismissing his pro se, *in forma pauperis* civil suit against the Sheriff's Department of Fannin County (FCSD) and several deputy sheriffs in their official and individual capacities. By five issues, Shugart claims that the trial court erred in dismissing his lawsuit with prejudice.

We affirm in part and reverse in part the trial court's order.

## I.      Factual and Procedural Background

According to Shugart's allegations, in September 2013,[1] several officers with the FCSD illegally entered onto his property and into his home without a warrant, handcuffing him and his family. Shugart admitted to the officers that he had a small bag of marihuana in a drawer next to a chair in the living room. He was arrested and escorted outside, where he saw agents going in and out of a greenhouse—described by Shugart as a "large dome building built & designed to house avocado trees"—behind his residence. One of the deputies commented about the large quantity of marihuana located in the greenhouse. Shugart later pled guilty to possession of over fifty, but under 2,000, pounds of marihuana and was sentenced to ten years' imprisonment.[2]

---

[1]Shugart's petition alleges that the raid occurred on September 5, but there is other evidence in the record indicating that the raid occurred on September 2.

[2]Although he pled guilty to and was convicted of possession of marihuana, Shugart does not admit that any marihuana was found in the greenhouse. On the other hand, Appellees allege that Shugart was operating "a large illegal grow operation" and that the he had "large marijuana plants inside a home-made structure." Appellees further allege that they removed "18 foot tall marijuana plants from the area inside the dome." The trial court heard no evidence on this issue, and we make no finding as to the truth of either set of allegations.

In September 2015, Shugart, proceeding pro se and *in forma pauperis*, filed a civil suit against the FCSD, David Thompson of the FCSD in his official and individual capacities, as well as "unknown deputies" of the FCSD in their official and individual capacities, seeking damages and other relief because the officers "arbitrarily, irrationally, and without call or essential need destroyed his 3 story dome Greenhouse Building during an illegal entry, search & seizure on his residence and property." Appellees filed a plea to the jurisdiction and a motion to dismiss Shugart's petition under Chapter 14 of the Texas Civil Practice and Remedies Code, arguing that it was "without merit [and] fail[ed] in the face of official and governmental immunity" and that any chance of ultimate success [was] slight." Without holding a hearing, the trial court dismissed Shugart's petition with prejudice, but did not specify the grounds for so doing.

## II. The Trial Court's Ruling Granting Appellees' Plea to the Jurisdiction

Because Appellees' plea to the jurisdiction implicates the trial court's subject-matter jurisdiction, we address it first.

### A. Standard of Review

A plea to the jurisdiction seeks dismissal because the trial court lacks subject-matter jurisdiction to consider the cause. *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). When a governmental entity is immune from suit, a plea to the jurisdiction is the proper procedure for challenging a suit filed against the entity. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009). "Whether a court has subject matter jurisdiction is a question of law" and is subject to de novo review. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Hoff v. Nueces Cty.*, 153 S.W.3d 45, 48 (Tex. 2004); *Tex. Dep't of Family & Protective Servs. v. Atwood*,

3

176 S.W.3d 522, 527 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). When reviewing a trial court's order sustaining a plea to the jurisdiction, an appellate court is required to accept all the factual allegations in the plaintiff's petition as true. *Axtell v. Univ. of Tex.*, 69 S.W.3d 261, 264 (Tex. App.—Austin 2002, no pet.). Also, the appellate court must examine the petitioner's intent and construe his pleadings in his favor. *Miranda*, 133 S.W.3d at 226.

### B.      Identification of the Legal Bases for Shugart's Claims

As an initial matter, we must identify the legal bases for Shugart's claims for relief. In his petition, Shugart alleges,

> Petitioner seeks action for injuries, damages, costs, declaratory and injunctive relief in law, common law, tort, suit in equity, or other proper proceedings for redress alleging Respondents acting individually & under pretext of State law has trespassed, destroyed private property without compensation, and unreasonably violated Petitioner's Texas Constitutional rights; for replevin, littering & illegal dumping (of the dome building debris) on Petitioner's property, & illegal forfeiture.

(Footnote omitted). In a footnote, he identifies the source of his "tort" claims as "Civil Practices & Remedies, Title 5, Ch. 101, Subchapter B, §101.021(1)–(2)," which is the Texas Tort Claims Act (TTCA). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–.108 (West 2011 & West Supp. 2016). Shugart goes on to specify three causes of action:   (1) a claim that Appellees "deprived plaintiff Shugart of his property . . . without due course of Texas law in violation of the Texas Constitution, [and] did then and there [take] said property without compensation"; (2) "Collective Causes of Action Under General Heading, a.k.a. 'Trespass & Various Illegal Search & Seizures'"; and (3) causes of action "Seeking Declaratory Judgment & Injunctive Relief" challenging "Appellees Constitutionality of Art. 481.15[3](2) and/or Art. 481.002(17), Tex. Health & Safety Code Ann. . . ."

4

Although Shugart asserts only the TTCA as legal authority for his causes of action in tort, the TTCA "is the only, albeit limited, avenue for common-law recovery against the government. . . ." *Mission Consol. ISD v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008). Accordingly, all of Shugart's common law claims for damages for the destruction of his property fall under the TTCA, not just his last claims. Consequently, Shugart's claims can be grouped into the following three categories: (1) common law claims for damages for the destruction of property under the TTCA, (2) a claim for the unconstitutional taking of his property without compensation in violation of Article I, Section 17, of the Texas Constitution, and (3) a request for declaratory judgment that Sections 481.002(17) and/or 481.153(2) of the Texas Health and Safety Code are unconstitutional as applied to him, together with injunctive relief. We will address the propriety of the trial court's order granting Appellees' plea to the jurisdiction as to these three categories of claims.

### C. Appellees Are Immune From Shugart's TTCA Claims

#### 1. Claims Against the FCSD

The FCSD is a governmental unit entitled to governmental immunity. *See Catalina Dev., Inc. v. Cty. of El Paso*, 121 S.W.3d 704, 705 (Tex. 2003) (noting that a county is governmental unit protected by sovereign immunity); *see also Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57–58 (Tex. 2011) ("Sovereign immunity protects Appellees and its various divisions, such as agencies and boards, from suit and liability, [and] governmental immunity provides similar protection to the political subdivisions of Appellees, such as counties, cities, and school

5

districts.").[3] When filing a suit for damages against a governmental entity, a plaintiff must affirmatively plead and prove the court's jurisdiction to hear the lawsuit under the TTCA. *See Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001).

The TTCA provides a limited waiver of immunity for certain suits against governmental entities. *Garcia*, 253 S.W.3d at 655. Nevertheless, "[i]n order for immunity to be waived . . ., the claim must arise under one of the three specific areas of liability for which immunity is waived, and the claim must not fall under one of the exceptions from waiver." *Morgan v. City of Alvin*, 175 S.W.3d 408, 417 (Tex. App.—Houston [1st Dist.] 2004, no pet.). The three general areas of liability in which immunity is waived under the TTCA are: (1) property damage, personal injury, or death caused by an employee's use of a motor-driven vehicle within the scope of his employment; (2) personal injury or death caused by a condition or use of tangible personal or real property; and (3) premises defects. TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021–101.022.

Although the petition in this case alleges that the destruction of Shugart's greenhouse was "wanton & malicious . . . and/or negligent," Shugart fails to allege how the deputies were negligent in their actions or how that negligence proximately caused the destruction of the greenhouse. Moreover, although the petition mentions negligence, the specific actions alleged are clearly intentional in nature.[4] Intentional torts by government employees, like the ones alleged by Shugart,

---

[3]*See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(A), (B), (D) (defining "governmental unit" as "a . . . county . . . and . . . any other institution, agency, or organ of government the statutes and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution"); *see also*, TEX. LOC. GOV'T CODE ANN. §§ 85.021–.023 (West 2008) (designating sheriffs as county officers).

[4]Shugart alleges that the defendants "using their vehicles, after chain-sawing the support beams waist-high, roped and dragged down and scattered the dome building of the backyard totally destroying it and leaving an incredible mess over the backyard and back pasture area." He further alleges that

are not covered under the TTCA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2); *see also*

*Univ. of Tex. Med. Branch at Galveston v. Hohman*, 6 S.W.3d 767, 777 (Tex. App.—Houston [1st

Dist.] 1999, no pet.) (stating that "[t]he Texas Tort Claims Act provides that sovereign immunity

exists for intentional torts"). Therefore, Shugart has failed to allege conduct that is actionable

under that Act, and his claims against the FCSD are barred by sovereign immunity.

### 2. Claims Against The Individual Appellees

Generally, except where a government employee acts outside the scope of his employment,

"a suit against a government employee in his official capacity is a suit against his government

employer," and "an employee sued in his official capacity has the same governmental immunity,

derivatively, as his government employer." *Franka v. Velasquez*, 332 S.W.3d 367, 382–83 (Tex.

2011). Nevertheless, under common law, "public employees (like agents generally) have always

been individually liable for their own torts, even when committed in the course of employment,

and suit may be brought against a government employee in his individual capacity." *Id.* Although

such employees could raise the defense of "official immunity" at common law, they were required

to prove they were performing "(1) discretionary duties in (2) good faith as long as they [were]

(3) acting within the scope of their authority," and "determining whether actions and decisions

[were] discretionary '[was] admittedly problematic.'" *Id.* Essentially,

> [b]efore the Tort Claims Act was passed in 1969, if suit against the
> government was barred by immunity, a plaintiff could sue and recover against a
> government employee-actor in his individual capacity even though, were he sued

---

[t]hey intended and did trespass—not only on the posted property, but also into the owner's homes, private accessory buildings, family backyard, gardens, the family's personal things, and did so with malicious intent to and did disturb the peace, destroy private property, unreasonably handcuff and harass even somewhat brutally, the home owner and occupant.

7

for the same conduct in his official capacity, he would be shielded by derived governmental immunity.

*Id.* Individual liability exposure for government employees changed with the passage of Section 101.106 of the TTCA as to claims arising under that Act.[5]

Section 101.106 was enacted "to discourage or prevent recovery against an employee." *Id.* at 384. Under that section, a suit filed against a governmental unit bars a suit against an employee of the governmental unit in both the employee's official and individual capacities if the suit involves the same subject matter, and on motion by the governmental unit, the employee shall be dismissed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a), (e); *Tex. Bay Cherry Hill*, *L.P. v. City of Fort Worth*, 257 S.W.3d 379, 401 (Tex. App.—Fort Worth 2008, no pet.). Shugart sued both the FCSD and the individual Appellees, and the FCSD moved to dismiss the individual Appellees. Because the FCSD filed a motion to dismiss the individual Appellees, the County admitted that they were acting in their official capacity and, therefore, that the individual Appellees have no liability in their individual capacity. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e). Moreover, by bringing suit against the FCSD, Shugart was barred from asserting claims against Thompson and the deputies in their individual capacities. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a). Consequently, Shugart's TTCA claims against the individual Appellees are likewise barred by governmental immunity.

---

[5]The Supreme Court has clarified that even claims which do not fall within the TTCA's limited waiver of immunity can still "arise under" that Act. *See Garcia*, 253 S.W.3d at 658 ("We have never interpreted 'under this chapter' to only encompass tort claims for which the Tort Claims Act waives immunity."); *see also Franka*, 332 S.W.3d at 385 ("We hold that for section 101.106(f), suit 'could have been brought' under the Act against the government regardless of whether the Act waives immunity from suit.").

8

Because the facts pled by Shugart amount to allegations of intentional torts, we hold that there is no waiver of immunity under the TTCA as to FCSD. Because Shugart sued both the FCSD and the individual Appellees and because the FCSD moved for dismissal of the individual Appellees, suit is barred against the individual Appellees as well. Because amending the petition would not remedy these defects, we hold that the trial court properly granted the plea to the jurisdiction and dismissed, with prejudice, Shugart's tort claims against the FCSD and against David Thompson and the unnamed deputies in their official and individual capacities. Accordingly, we affirm the trial court's order granting the plea to the jurisdiction to Shugart's claims for damages under the TTCA as against all Appellees.

D. **Appellees Are Not Immune from Shugart's Constitutional Takings Claims Under Article I, Section 17, Texas Constitution, But the Individual Appellees Have No Liability For Constitutional Takings**

On the other hand, Shugart also alleges that, "on or about Sept. 5th, 2013, defendants, Fannin County Sheriffs' agents, deprived plaintiff, Shugart of his property, a three (3) story, 55 ft. wide dome building, without due course of Texas law in violation of the Texas Constitution, and did then and there [take] said property without compensation." "Article I, section 17, of the Texas Constitution, the 'takings clause,' provides a waiver of governmental immunity for claims arising from an unconstitutional taking of property for public use without adequate compensation." *Thornton v. Ne. Harris Cty. MUD 1*, 447 S.W.3d 23, 32 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (citing TEX. CONST. art. I, § 17); *see also Kirby Lake Dev. v. Clear Lake City Water*, 321 S.W.3d 1, 5 (Tex. App.—Houston [14th Dist.] 2008), *aff'd*, 320 S.W.3d 829 (Tex. 2010) ("There is a clear and unambiguous waiver of immunity from suit for inverse-condemnation claims

9

within the ambit of article I, section 17 of the Texas Constitution."). Yet, not just any takings claim is sufficient to waive immunity. Rather, "a claimant must plead: (1) the governmental unit intentionally performed an act (2) that resulted in the taking, damaging, or destruction of the claimant's property (3) for public use." *Thornton*, 447 S.W.3d at 33. Moreover, "it is not enough merely to allege that the act causing the damage was intentional." *Id*. Instead, "a party must allege the governmental entity knew that a specific act was causing identifiable harm, or at least knew that the damage was substantially certain to occur." *Id*.

In this case, Shugart alleged that the Appellees "using their vehicles, after chain-sawing the support beams waist-high, roped and dragged down and scattered the dome building of the backyard totally destroying it and leaving an incredible mess over the backyard and back pasture area." And as is discussed in more detail below, the Supreme Court has held that a police department's destruction of a house in order to accomplish the arrest of escaped prisoners constituted a "taking for public use." *Steele v. City of Houston*, 603 S.W.2d 786, 788 (Tex. 1980). Accordingly, under the liberal construction we are required to give to Shugart's petition, we find that he has asserted a constitutional takings claim under Article I, Section 17, of the Texas Constitution based on intentional conduct.[6] Because a constitutional takings claim is a valid waiver of governmental immunity, we find that the trial court erred in granting Appellees' plea to

---

[6]A constitutional takings claim cannot be based on negligence. *See Thornton*, 447 S.W.3d at 34 ("Assuming solely for purposes of our analysis without deciding the viability of a 'negligent trespass' claim . . . we conclude that to the extent they are attempting to bring a takings claim based on a negligence theory, their 'negligent trespass' claim is barred."). Accordingly, to the extent Shugart alleges a takings claim based on negligence, that claim is barred and we affirm the trial court's order dismissing such claim.

the jurisdiction as to Shugart's constitutional takings claim based on intentional conduct against the FCSD.

Of course, constitutional takings claims under Article I, Section 17, of the Texas Constitution do not "arise under" the TTCA. *See Franka*, 332 S.W.3d at 379 (holding that plaintiffs claim under the Texas Commission on Human Rights Act (TCHRA) did not arise under the TTCA because the TCHRA was a separate immunity waiver statute). Nevertheless, there is no cause of action under Article I, Section 17, against non-governmental parties. *Edwards v. Mesa Hills Mall Co.*, *Ltd. P'ship*, 186 S.W.3d 587, 591 (Tex. App.—El Paso 2006, no pet.). Moreover, at common law, a suit against a government employee in his official capacity is a suit against the government entity. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007).

> When a state official files a plea to the jurisdiction, the official is invoking the sovereign immunity from suit held by the government itself. It is fundamental that a suit against a state official is merely "another way of pleading an action against the entity of which [the official] is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (quoting *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)); *see also Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 581 (Tex. 2001). A suit against a state official in his official capacity "is *not* a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166, 105 S.Ct. 3099 (emphasis in original). Such a suit actually seeks to impose liability against the governmental unit rather than on the individual specifically named and "is, in all respects other than name, . . . a suit against the entity." *Id.*; *see also Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855–56 (Tex. 2002).

*Id.* Accordingly, because the individual appellees have no individual liability for constitutional takings in their individual capacities and because a suit against them in their official capacities is nothing more than a suit against the governmental unit that employs them, the trial court correctly

11

granted the plea to the jurisdiction as to Shugart's constitutional takings claim as against the individual Appellees.

**III.    The Trial Court Erred in Granting the Plea to the Jurisdiction and in Dismissing Shugart's Constitutional Takings Claim Against the FCSD Under Chapter 14**

Nevertheless, this does not end the inquiry.  Appellees also moved for dismissal under Chapter 14 of the Texas Civil Practices and Remedies Code, and the trial court granted that relief as well.  Accordingly, as will be explained below, we must first decide whether Shugart has adequately alleged a claim that has an arguable basis in law or fact.  If so, then we must determine that claim's realistic chances of ultimate success.[7]

**A.    Standard of Review**

**1.    Chapter 14**

In order to control frivolous, malicious, and excessive inmate litigation, the Legislature enacted Chapter 14 of the Texas Civil Practices and Remedies Code.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.001–.014 (West 2002 & West Supp. 2016).  Chapter 14 applies to any lawsuit filed by an inmate in a district, county, justice of the peace, or small claims court in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate, other than an action brought under the Texas Family Code.  TEX. CIV. PRAC. & REM. CODE ANN. § 14.002.  Section 14.003 provides that a court may dismiss such a claim, either before or after service of process, if the court finds that the claim is frivolous or malicious.  TEX. CIV. PRAC. & REM. CODE ANN.

---

[7]For the remainder of this opinion, unless noted otherwise, references to Shugart's constitutional takings claim will be to that claim based on intentional conduct.

§ 14.003(a) (2); *Comeaux v. Tex. Dep't of Criminal Justice*, 193 S.W.3d 83, 86 (Tex. App.—Houston [1st Dist.] 2006, pet. denied); *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet.). We may affirm the dismissal if it was proper under any applicable legal theory. *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.).

In determining whether a claim is frivolous or malicious, the trial court may consider whether (1) the claim's realistic chance of ultimate success is slight, (2) the claim has no arguable basis in law or in fact,[8] (3) it is clear that the plaintiff cannot prove facts in support of the claim, or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b). We review the trial court's order dismissing a lawsuit brought by an inmate who has filed an affidavit or unsworn declaration of inability to pay costs for an abuse of discretion. *Jackson v. Tex. Dep't Criminal Justice–Institutional Div.*, 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi 2000, pet. denied); *Barnum v. Munson*, 998 S.W.2d 284, 286 (Tex. App.—Dallas 1999, pet. denied). However, when, as here, the case was dismissed as frivolous and there was no evidententiary hearing, our review is limited to a de novo examination of whether the claim has an arguable basis in law. *Hamilton v. Williams*, 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied);

---

[8]Even though a constitutional takings claim is an exception to governmental immunity, "when a plaintiff fails to allege facts that constitute a taking, dismissal for want of jurisdiction is appropriate." *Tex. Bay Cherry Hill, L.P.*, 257 S.W.3d at 395 (citing *Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 598 (Tex. 2001). Logically, if a plaintiff alleges a constitutional takings claim which has no arguable basis in law or fact, he would also fail to allege facts that constitute a taking. In that case, not only would dismissal under Chapter 14 be appropriate, but dismissal via a plea to the jurisdiction would also be equally appropriate.

*Leachman v. Dretke*, 261 S.W.3d 297, 304 (Tex. App.—Fort Worth 2008, no pet.); *Brewer v. Simental*, 268 S.W.3d 763, 770 (Tex. App.—Waco 2008, pet. denied). Finally, for a claim to have

> no arguable basis in law, [the] claim must be based on "an indisputably meritless legal theory," *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), or the facts alleged must rise to the level of the irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). "An *in forma pauperis* complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely." *Denton*, 504 U.S. at 33, 112 S.Ct. 1728. Therefore, for the claim to have no basis in law, the facts as pleaded must not comprise a cause of action.

*Gill v. Boyd Distrib. Ctr.*, 64 S.W.3d 601, 603–04 (Tex. App.— Texarkana 2001, pet. denied).

### 2. Elements of a Constitutional Takings Claim

"To establish a takings claim, a plaintiff must prove (1) the governmental entity intentionally performed certain acts, (2) that resulted in a 'taking' of property, (3) for public use." *Tex. Bay Cherry Hill*, *L.P.*, 257 S.W.3d at 395. Although Appellees challenge the sufficiency of Shugart's pleadings to state a takings claim as to all three elements, Shugart clearly alleges intentional actions by a governmental entity that constituted a taking of property. Therefore, resolution of this issue will turn on whether there is an "arguable basis in law" for finding that the taking he alleges constitutes a taking "for public use." TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b) (3).

### B. Shugart's Petition Alleges an Arguable Claim That The Destruction of His Greenhouse Was a Taking For Public Use

Texas courts have taken a liberal view concerning what constitutes a public use. *Dyer v. Tex. Elec. Serv. Co.*, 680 S.W.2d 883, 884–85 (Tex. App.—El Paso, 1984, writ ref'd n.r.e.). Whether property is taken for a public use is a question of law; however, where the legislature has

14

declared an act or purpose to be a public use, we must give weight to that declaration. *Housing Auth. of City of Dallas*, *et al. v. Higginbotham*, *et al*., 143 S.W.2d 79 (Tex. 1940). Where the Legislature has not declared an act or purpose to be a public use, however, we determine whether a specific taking is a public use by examining each case upon its own facts and the surrouonding circumstances. *Id.* at 83–84. Essentially, whether or not a governmental taking is incident to a public use depends upon the character, and not the extent of such use. *Id.* at 84. The critical factor is the right the public has to such use and not the extent to which the public may exercise the right. *Id.* The number of people who avail themselves of the public benefit is immaterial so long as the benefit is open to all who choose to use it. *Id.* Merely because "the advantage of the use inures to a particular individual or enterprise, or group thereof, will not deprive it of its public character." *Id*.

As noted previously, in *Steele*, three escaped prisoners took refuge in a house and, in order to force the prisoners out, the pursuing police officers intentionally set the house on fire. *Steele*, 603 S.W.2d at 788. The owner and tenants of the house sought damages for the destruction of their property. *Id.* The Supreme Court rejected the lower courts' rulings that exercise of the City's police power excused compensation and held that Steele and his tenants had alleged compensable damage within the meaning of Article I, Section 17's waiver of immunity because a taking had occurred that was intentional, neither negligent nor grounded in nuisance, and for a public use. *Id*. The public use in *Steele* encompassed the "real or supposed" emergency—to the general public— to "apprehend armed and dangerous" escaped prisoners. *Id*. at 792. The public use "singled out" Steele and his tenants to bear the cost of that emergency, *see Woodson Lumber Co. v. City of*

15

*College Station*, 752 S.W.2d 744, 746–47 (Tex. App.—Houston [lst Dist.] 1988, no writ), and the use benefitted the entire community and thus the public at large. *See Retzlaff v. Tex. Dep't Criminal Justice*, 135 S.W.3d 731, 744 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

Here, as in *Steele*, officers destroyed a structure in exercise of their police powers, as a "direct response to criminal activity." *See Steele*, 603 S.W.2d at 790–92. Because its removal allegedly inured to the benefit of the public, the taking was for a public use. *See id.* Therefore, taking all of Shugart's allegations as true, as we must, we find that Shugart's takings claim under Article I, Section 17, of the Texas Constitution, has an arguable basis in law. *See Scott v. Gallagher*, 209 S.W.3d 262, 266–67 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (dismissal proper only if claim is based on indisputably meritless legal theory). Accordingly, we sustain this point of error and remand this cause of action for further proceedings.[9]

**C.    The Trial Court Erred in Dismissing Shugart's Petition Under Chapter 14 Based on Appellees' Res Judicata/Collateral Estoppel Defense or *Heck v. Humphrey*, 512 U.S. 477 (1994)**

Finally, Appellees assert that Shugart's claims were properly dismissed under Chapter 14 based on prior federal litigation.[10] By way of background, Shugart filed suit in the United States District Court for the Eastern District of Texas, Sherman Division, styled "*Shugart; Ricky Joe v. Six*

---

[9]Of course, *Steele* involved a claim by innocent property owners, whereas Shugart pled guilty to and was convicted of possession of marihuana as a result of the evidence found on his property. However, *Steele* is binding authority in this case, and under a plain reading of that opinion, Shugart has alleged a taking for public use. Because we are required to resolve the propriety of the trial court's order on the pleadings and the limited record before us in an appeal of a plea to the jurisdiction and dismissal under Chapter 14, we cannot say that Shugart has alleged a claim that has no arguable basis in law or fact or that the realistic chance of success on that claim is slight.

[10]These defenses are not applicable to Appellees' plea to the jurisdiction because they do not implicate the trial court's subject-matter jurisdiction to hear the case.

*Unknown Fannin County Sheriffs' Agents (Official & Individual Capacities) & State of Texas*." In that litigation, Shugart sought "compensation from Fannin County Sheriffs' agents responsible . . . for damages and cost incurred by their total destruction of a three-story tall, 55 ft. wide dome building located behind Shugarts' residence in the countryside of Ivanhoe, Texas." Additionally, Shugart sought "punitive damages against these agents for various constitutional violations related to illegal search and seizures of his properties, outbuildings and resident dwellings."[11]

On January 21, 2015, the federal district court entered a memorandum opinion and order of dismissal in which it stated that "Shugart[,] . . . proceeding pro se and in forma pauperis, filed the above-styled and numbered civil lawsuit pursuant to 42 U.S.C. § 1983. . . ." The federal court summarized Shugart's claims as follows:

> The Plaintiff is complaining about events that led to his Fannin County conviction for the offense of possession of marijuana. He states that on or about September 2, 2013, he was in the privacy of his home when six unknown Fannin County deputies barged into his house without a warrant. The Plaintiff admitted to them that he had a small bag of marijuana in a drawer next to his living room seat. He was arrested. While being escorted outside, he observed agents going in and out of a greenhouse located behind his residence. One of the deputies commented about the large quantity of marijuana located in the greenhouse. Upon the advice of his attorney, the Plaintiff pled guilty to possessing over 50 and under 2,000 pounds of marijuana. He was sentenced to ten years of imprisonment. He alleges that he was subjected to an unreasonable search and seizure, but his attorney would not consider the defense. He is asking for damages associated with the search and destruction of his property.

The federal district court held that Shugart's claims against the State of Texas were barred by the Eleventh Amendment to the United States Constitution and dismissed with prejudice Shugart's claims against the State. The federal court then held that Shugart's claims against the remaining

---

[11]The record does not contain the entirety of Shugart's federal complaint.

defendants were barred by the Supreme Court's opinion in *Heck v. Humphrey*, 512 U.S. 477 (1994), and dismissed those claims and defendants "with prejudice to their being asserted again until the *Heck* conditions are met."

Based on that dismissal, Appellees assert two defenses. First, Appellees assert that because Shugart's previous lawsuit in federal court arose out of the same incident which is the basis of this suit, and because that suit was dismissed by the federal court with prejudice, Shugart's claims are barred here by res judicata. Second, Appellees assert that Shugart's claim is not cognizable under the authority of *Heck*. Accordingly, Appellees argue, dismissal was proper under Chapter 14 because the realistic chance of ultimate success for Shugart's claims is slight." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(1). Because resolution of Appellees' res judicata defense depends on the nature of the defense under *Heck*, we will address the defenses in reverse order.

### 1. *Heck v. Humphrey*, 512 U.S. 477 (1994)

In *Heck*, the United States Supreme Court considered whether a state prisoner could sue Indiana state and local officials under Title 42, Section 1983, of the United States Code for "engag[ing] in an 'unlawful, unreasonable, and arbitrary investigation' leading to petitioner's arrest; 'knowingly destroy[ing]' evidence 'which was exculpatory in nature and could have proved [petitioner's] innocence'; and caus[ing] 'an illegal and unlawful voice identification procedure' to be used at [his] trial." *Id*. at 479. The plaintiff only sought monetary damages, "did not ask for injunctive relief, and . . . [did] not [seek] release from custody. . . ." *Id*. The United States Supreme Court held,

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would

render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id*. at 486–87 (footnote omitted). The Supreme Court continued,

Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id*. at 487 (footnotes omitted).

To begin with, Shugart has not alleged a cause of action under Section 1983 in the present litigation as he did in the federal litigation, but instead, he alleged a state constitutional takings claim. Because *Heck* involved Section 1983, it is not applicable to this case. Yet, even if it were, as the Supreme Court noted in a footnote,

[A]suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, [*see*] *Murray v. United States*, 487 U.S. 533, 539 (1988), and especially harmless error, [*see*] *Arizona v. Fulminante*, 499 U.S. 279, 307–308 (1991), such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, [*see*] *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 308 (1986), which, we hold today, does *not* encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

19

*Id.* at 487 n.7. Accordingly, *Heck* does not bar Shugart's state constitutional takings claim in this case.

### 2. The Federal Court Dismissal Order Was Not a Final Adjudication of Shugart's Claims for Purposes of Res Judicata or Collateral Estoppel

It is true that "[a] dismissal with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and decided." *Decker v. Dunbar*, 200 S.W.3d 807, 812 (Tex. App.—Texarkana 2006, pet. denied). Thus, "[o]rders dismissing cases with prejudice have full res judicata and collateral estoppel effect, barring subsequent litigation of the same causes of action or issues between the same parties." *Id.* Nevertheless, "[a]n order or judgment that is merely a ruling on a technical or procedural aspect of the case is not res judicata." *Swenson v. Swenson*, 420 S.W.2d 638, 640 (Tex. Civ. App.—Houston [14th Dist.] 1967, writ dism'd).

As noted previously, the federal court dismissed Shugart's Section 1983 claims "with prejudice to their being asserted again until the *Heck* conditions are met." Accordingly, the dismissal of Shugart's claims was based on "technical or procedural aspects," which does not constitute a final adjudication necessary to bar subsequent claims by res judicata or collateral estoppel. *Id.* Because Shugart's state constitutional takings claim is not barred by res judicata or collateral estoppel, we cannot find that his takings "claim's realistic chance of ultimate success is slight" for that reason.

20

**IV.** **The Trial Court Correctly Dismissed Shugart's Claims for Declaratory and Injunctive Relief Because They Were Not Ripe**

**A.** **Introduction and Standard of Review**

Finally, in his remaining causes of action seeking declaratory and injunctive relief, Shugart argues that Article 481.002(17), defining drug paraphernalia, and Article 481.153, authorizing summary seizure and destruction of "controlled substance property," are unconstitutional as applied to him. TEX. HEALTH & SAFETY CODE ANN. § 481.002(17) (West Supp. 2016), § 481.153 (West 2010). Shugart contends that the officers destroyed his greenhouse because they deemed it "drug paraphernalia" subject to summary seizure and destruction under those two statutes. Essentially, he asserts that because Appellees destroyed his structure under the two statutes in question, the trial court should declare that they are unconstitutional and enjoin their application against him.

Requests for declaratory judgments and injunctions are subject to review for ripeness. *Tex. Bay Cherry Hill*, *L.P.*, 257 S.W.3d at 393. "A case is not ripe when its resolution depends upon contingent or hypothetical facts or upon events that have not yet come to pass." *Id*. (citing *Patterson v. Planned Parenthood of Houston*, 971 S.W.2d 439, 442 (Tex. 1998)). In deciding whether an issue is ripe for adjudication, courts consider "(1) the fitness of the issues for judicial decision and (2) the hardship occasioned to a party by the court's" denial of review. *Id*. (citing *Perry v. Del Rio*, 66 S.W.3d 239, 250 (Tex. 2001)).

**B.** **Application**

The forfeiture scheme under Chapter 481 of the Health and Safety Code is a limited proceeding allowing for the summary destruction of illegal drugs and "controlled substance

21

property" which is defined as "a controlled substance, mixture containing a controlled substance, controlled substance analogue, counterfeit controlled substance, drug paraphernalia, chemical precursor, chemical laboratory apparatus, or raw material." TEX. HEALTH & SAFETY CODE ANN. § 481.151(1) (West 2010). The term "drug paraphernalia" is defined as

> equipment, a product, or material that is used or intended for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, or concealing a controlled substance in violation of this chapter or in injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance in violation of this chapter.

TEX. HEALTH & SAFETY CODE ANN. § 481.002(17).

Shugart's petition describes the greenhouse as a sturdy, wood-framed, domed building, thirty-three feet tall and fifty-five feet wide. In their plea to the jurisdiction and motion to dismiss, Appellees alleged that the structure fell within the definition of "drug paraphernalia" under Sections 481.002(17) and 481.151(1). Shugart did not contest the statutes' applicability. Instead, Shugart proceeded directly to the question of whether the statutes were constitutional as applied to him.[12]

---

[12]Appellees argued that because the greenhouse met the definition of drug paraphernalia under Section 481.002(17), it was subject to summary forfeiture (destruction) under Section 481.153(a) and therefore, Shugart was not entitled to just compensation for its destruction. TEX. HEALTH & SAFETY CODE ANN. §§ 481.002(17), 481.153. In his petition, Shugart alleges that he

> challenges Appellees Constitutionality of Art. 481.153(2) and/or Art. 481.002(17), TEX. HEALTH & SAFETY CODE ANN, - Art. 481.153(2) in-so-far as it deprives the people and/or Mr. Shugart of their property under abigibus [sic] cloak of drug paraphernalia without due course of the law of Texas by summary forfeiture in situations wherein an emergency forfeiture is not warranted or evidenced, and the article does not establish sufficiently objective criteria to avoid the risk of erroneous deprivation; and in-so-far as (summary) seizure of drug paraphernalia is concerned without adequate probable cause; and as to Art. 481.002(17) in-so-far as it defines the term "drug paraphernalia" for the purposes of "controlled substance property" in Art. 481.153(2) (through definition at Art. 481.151) and fails to provide sufficient clear guidance to officers as to what constitutes "drug paraphernalia" (particularly as to the standard in which the public's property is to

Nevertheless, the Supreme Court has held that "[a] court will not pass on the constitutionality of a statute if the particular case before it may be decided without doing so." *Baptist Hosp. of Se. Tex.*, *Inc. v. Baber*, 714 S.W.2d 310 (Tex. 1986) (quoting *San Antonio Gen. Drivers*, *Helpers Local No. 657 v. Thornton*, 299 S.W.2d 911, 915 (Tex. 1957). Before the trial court decides whether the statutes are constitutional as applied to Shugart, it must first decide whether the statutes are applicable to the case. Until the trial court makes that determination, the constitutional issue is not ripe for consideration. Without a determination of whether the statutes were applicable, the trial court could not determine whether Shugart's claims for declaratory judgment should be dismissed as frivolous under Chapter 14 or whether they should be dismissed for a lack of standing under the State's plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b); s*ee Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) (standing may be challenged by plea to the jurisdiction). Therefore, the trial court erred in dismissing Shugart's claims for declaratory judgment.[13]

---

be shown connected to an illegal substances; by ambiguous & unspecific language and meanings; and as to lack of objective criteria to avoid the risk of erroneous deprivations).

[13]The fact that Appellees allege that the destruction was justified under those statutes and the fact that Shugart does not contest that allegation does not establish that the statutes actually apply to his structure. Otherwise, litigants could simply stipulate to a statute's applicability in order to gain standing to challenge its constitutionality, thereby leading a court to issue an advisory opinion. *Cf. Perez v. State*, 938 S.W.3d 761, 763 (Tex. App.—Austin 1997, pet. ref'd) (holding that defendant did not have standing to challenge constitutionality of sex offender registration statute because "[t]here is no evidence in the record that appellant's name has been placed in the central database program" and because "[t]his Court is not authorized to render advisory opinions.").

## V.     Conclusion

Accordingly we (1) reverse the trial court's order granting Appellees' plea to the jurisdiction as to Shugart's constitutional takings claim based on intentional conduct as to the FCSD; (2) reverse the trial court's order granting Appellees' motion to dismiss under Chapter 14 as to Shugart's constitutional takings claim based on intentional conduct as to the FCSD; (3) reverse the trial court's order granting Appellees' plea to the jurisdiction as to Shugart's claims for declaratory relief; (4) reverse the trial court's order granting Appellees' motion to dismiss under Chapter 14 as to Shugart's claims for declaratory relief; (5) affirm the portion of the trial court's order granting Appellees' plea to the jurisdiction and motion to dismiss under Chapter 14 of the Texas Civil Practice and Remedies Code as to all other claims raised by Shugart against all other parties; (6) and remand this case to the trial court for further proceedings consistent with our holdings in this opinion.

Ralph K. Burgess
Justice

Date Submitted:     March 17, 2016
Date Decided:       January 12, 2017